UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture<br><br>    Plaintiff<br><br>       v.<br><br>JOSE ANGEL PACHECO QUIÑONES a/k/a JOSE ANGEL PACHECO QUIÑONEZ, CARMEN MARIA SEPULVEDA CARABALLO and their conjugal partnership<br><br>    Defendants | CIVIL NO.<br><br><br>Foreclosure of Mortgage In Rem |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the United States of America -acting as the United States Department of Agriculture- through the undersigned attorney, who respectfully alleges and prays as follows:

1.  Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1345.

2.  Plaintiff, United States of America, is acting through the United States Department of Agriculture, which is organized and existing under the provisions of the Consolidated Farm and Farm Service Agency Act, 7 U.S.C. §1921 et seq., is the owner and holder of one (1) promissory note that affects the two (2) properties described further below.

3.  Plaintiff owns and holds a promissory note for the amount of **$35,000.00,** with annual interest of 10.75%, subscribed on March 2, 1983. See *Exhibit 1* and *Exhibit 1-A.*

4.  For the purpose of securing the payment of said promissory note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 50 subscribed before Notary Public Serafin Rosado Santiago. This mortgage is duly recorded at the corresponding Property Registry.  See *Exhibits 2 and 2-A.*

5.   On September 4, 1986, defendants herein acquired the properties object of this foreclosure through deed no. 30 subscribed before Notary Public Jaime L. Pérez Valentín. Through this same deed, defendants assumed the mortgage herein described. See *Exhibits 3, 4 and 4-A.*

6.   According to the Property Registry, codefendants appear as owners of record of the real estate properties subject of this case. Said properties are described -as it was recorded in Spanish- as follows:

A) URBANA: Solar marcado con el número doce del bloque "TT" en el plano de inscripción de la Urbanización Jardines del Caribe, Segunda Etapa, radicada en los Barrios Canas, Quebrada Limón y Pastillo del término municipal de Ponce, Puerto Rico, con una cabida superficial de trescientos treinticinco metros cuadrados, en lindes por el NORTE, en trece punto cuatrocientos metros con el solar número veintitrés del bloque TT; por el SUR, en trece punto cuatrocientos metros con la calle número cuarenticinco; por el ESTE, en veinticinco metros con el solar número once del bloque TT; y por el OESTE, en veinticinco metros con el solar número trece del bloque TT. Sobre este solar se ha construido una casa de concreto armado para ser utilizada como residencia familiar.

PROPERTY NUMBER: 11,519 (before 38,714), recorded at page 15 of volume 564 of Ponce, Registry of the Property of Puerto Rico, section II of Ponce.

B) RÚSTICA: Predio de terreno radicado en el barrio Yahuecas de Adjuntas, Puerto Rico, con cabida de doce cuerdas más o menos, equivalentes a cuatro hectáreas, setenta y una áreas, seiscientas cuarenta y ocho miliáreas. Colindando al NORTE, con Sucesión Bennazar; al ESTE, con Fernando Orisini; por el SUR, con Río Limaní; por el OESTE, con la Puerto Rico Reconstruction Administration. Contiene una casa de maderas techada de zinc, de dos plantas, con balcón de concreto en la planta alta, que mide veintidós pies de frente por treinta y dos pies de fondo, la planta alta dedicada a vivienda y la baja de almacén.

PROPERTY NUMBER: 2,621, recorded at page 32 of volume 163 of Adjuntas, Registry of the Property of Utuado, Puerto Rico.

See Title Searches attached as Exhibits 5 and 6.

7.   It was expressly stipulated in the note evidencing the indebtedness that default in the payment of any part of the covenant or agreement therein contained will authorize the plaintiff, as payee of said note, to declare due and payable the total amount of the indebtedness evidenced by said note and proceed with the execution and/or foreclosure

of the mortgage.

8. Therefore, the agreements are due in full, with the following amounts:

   a) On the $35,000.00 Note as modified:

   1) The sum of $47,904.83, of principal;

   2) The sum of $50,003.02, of interest accrued as of September 9, 2020, and thereafter until its full and total payment, which interest amount increases at the daily rate of $6.5623;

   3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.    Exhibit 7

9. The indebtedness evidenced by the aforementioned notes is secured by the mortgage over the properties described in this complaint.

10. The plaintiff is filing the instant complaint as an *in rem* judicial foreclosure claim in the instant case, in light of the fact that on August 9, 1995, the debtors (who are the defendants in this case) received a discharge from the Bankruptcy Court in Chapter 13 case number 89-04568-SEK13, before the U.S. Bankruptcy Court for the District of Puerto Rico.

11. Codefendants Jose Angel Pacheco Quiñones, Carmen Maria Sepulveda Caraballo are not presently active in the military service for the United States.  See *Exhibits 8 and 9*.

12. The real estate properties above-mentioned are subject to the following liens, in the rank indicated:

   **Property #2,621:**

   1) Recorded liens with preference or priority over mortgage herein recorded:

      a) None.

   2) Junior Liens with inferior rank or priority over mortgage herein executed:

      a) None.

3

**Property #11,519:**

    1)   Recorded liens with preference or priority over mortgage herein recorded:

        a)  MORTGAGE: Constituted by José Angel Pacheco Quiñones and his wife Carmen María Sepúlveda Caraballo, in favor of Autoridad de Fuentes Fluviales de Puerto Rico, in the original principal amount of $24,100.00, with 5¼% annual interests, due on October 1, 2003, constituted by deed #367, executed in San Juan, Puerto Rico, on August 31, 1973, before José M. Cabrera Deetjen Notary Public, recorded at page 15 of volume 564 of Ponce, property number 11,519, 1st inscription.

    2)   Junior Liens with inferior rank or priority over mortgage herein executed:

        a)  None.

## VERIFICATION

I, Jacqueline Lazú Laboy, of legal age, married, executive and resident of Humacao, Puerto Rico, in my capacity as Acting Director of the Loan Resolution Task Force of the Farm Service Agency, San Juan, Puerto Rico, under the penalty of perjury, as permitted by Section 1746 of Title 28, United States Code, declare and certify:

    1)  My name and personal circumstances are stated above;

    2)  I subscribed this complaint as the legal and authorized representative of the plaintiff;

    3) Plaintiff has a legitimate cause of action against the defendants above named which warrants the granting of relief requested in said complaint;

    4)  Defendants are a necessary and legitimate party to this action in view of the fact that

they originated or assumed the mortgage obligation subject of this foreclosure, or bought the property subject to said mortgage;

5)   From the information available to me and based upon the documents in the Farm Service Agency, it appears that defendants have not been declared incompetent by a court of justice with authority to make such a declaration;

6)   I have carefully read the allegations contained in this complaint and they are true and correct to the best of my knowledge and to the documents contained in the files of the Farm Service Agency;

7)   I have carefully examined the Exhibits included to this complaint which are true and correct copies of the originals. The mortgage deeds have been duly recorded in the Property Registry.

I make the foregoing declaration under penalty of perjury, as permitted under Section 1746 of Title 28, United States Code.

In San Juan, Puerto Rico, this 23 day of  september, 2020.

JACQUELINE LAZÚ LABOY

PRAYER

WHEREFORE, plaintiff demands judgment as follows:

a)     That defendants breached the contractual obligations claimed in this complaint;

b)     All legal rights, titles and interests which the defendants may have in the property(ies) described in this complaint and any building or improvement thereon, be sold at public auction, as part of the judicial foreclosure of the mortgage lien(s) securing each loan obligation;

c)     That the defendants and all persons claiming or who may claim by, from or under

5

them, be absolutely barred and foreclosed from all rights and equity of redemption in and to said loan security;

d)      If the proceeds of said sale exceeds the sum of money to be paid to the United States as aforesaid, any such excess be deposited with the Clerk of this Court, subject to further orders from the Court;

e)      Once the property is auctioned and sold, it is requested to the Clerk of this Court to issue a writ addressed to the Registry of the Property, ordering the cancellation of the foreclosed mortgage(s) and of any other junior liens recorded therein;

f)      For such further relief as in accordance with law and equity may be proper.

In Guaynabo, Puerto Rico, this 23  day of  September           , 2020.

/s/ Juan Carlos Fortuño Fas
JUAN CARLOS FORTUÑO FAS
USDCPR 211913
FORTUÑO & FORTUÑO FAS, C.S.P.
P.O. BOX 9300
SAN JUAN, PR 00908
TEL.  787-751-5290
FAX. 787-751-6155
Email: dcfilings@fortuno-law.com

EXHIBIT 1

Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

**DEPARTAMENTO DE AGRICULTURA DE ESTADOS UNIDOS**
**ADMINISTRACION DE HOGARES DE AGRICULTORES**

**PAGARE**

| CLASE DE PRESTAMO |
| --- |
| Tipo: <u>FARM OWNERSHIP</u> |
| De acuerdo a: |
| ☒ Consolidated Farm & Rural Development Act |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 |

| Nombre | ANGEL SANCHEZ RIVERA | |
| --- | --- | --- |
| Estado | PUERTO RICO | Oficina ADJUNTAS |
| Caso Núm. ███████ | | Fecha 2 de marzo de 1983 |

| ACCION QUE REQUIERE PAGARE: | |
| --- | --- |
| ☒ Préstamo Inicial | ☐ Nuevo Plan de Pago |
| ☐ Préstamo Subsiguiente | ☐ Reamortización |
| ☐ Consolidación y préstamo subsiguiente | ☐ Venta a Crédito |
| ☐ Consolidación | ☒ Pagos Diferidos |

POR VALOR RECIBIDO, el Prestatario(s) subscribiente y cualquier otro co-deudor mancomunada y solidariamente pagaremos a la orden de Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los Estados Unidos (denominado en adelante el "Gobierno") o su cesionario en su oficina en ─────────────ADJUNTAS, PUERTO RICO───────────────── o en otro sitio designado por el Gobierno por escrito, la suma principal de <u>TREINTICINCO MIL CON─────────</u> ─────────────────────00/100 dólares (\$ <u>35,000.00─────</u>) más intereses sobre el principal adeudado al

<u>DIEZ Y TRES CUARTOS──────────────────────</u>POR CIENTO ( 10.750-%) anual. Si este pagaré es para un préstamo de Recursos Limitados (indicado en el encasillado superior "Clase de Préstamo"), el Gobierno puede **CAMBIAR EL PORCIENTO DE INTERES,** de acuerdo con los reglamentos de la Administración de Hogares de Agricultores, no más frecuente que trimestralmente, notificando por correo al Prestatario con treinta (30) días de anticipación a su última dirección. El nuevo tipo de interés no deberá exceder el porciento de interés más alto establecido en los reglamentos de la Administración de Hogares de Agricultores para el tipo de préstamo arriba indicado.

Principal e intereses serán pagados en ───41─── plazos, según indicado abajo, excepto si es modificado por un tipo de interés diferente, en o antes de las siguientes fechas:

| | | | |
| --- | --- | --- | --- |
| \$ 300.00 | en enero 1, 19 84 | \$ N/A | en enero 1, 19 ; |
| \$ 500.00 | en enero 1, 19 85 | \$ N/A | en enero 1, 19 ; |
| \$ 500.00 | en enero 1, 19 86 | \$ N/A | en enero 1, 19 ; |
| \$ N/A | en enero 1, 19 ; | \$ N/A | en enero 1, 19 ; |
| \$ N/A | en enero 1, 19 ; | \$ N/A | en enero 1, 19 ; |

y \$ 4,105.00─────────────────────── , subsiguientemente en enero 1 de cada año hasta que el principal e intereses sean completamente pagados excepto que el plazo final de la deuda aquí evidenciada, de no ser pagada anteriormente, vencerá y será pagadero en ──40─── años de la fecha de este pagaré y excepto que se podrán hacer pagos adelantados según se provee más abajo. La consideración aquí envuelta respaldará cualquier convenio modificando el plan de pagos.

Si la cantidad total del préstamo no es adelantada a la fecha del cierre, el préstamo será adelantado al Prestatario según solicitado por el Prestatario y aprobado por el Gobierno. La aprobación del Gobierno será dada siempre y cuando el adelanto es solicitado para un propósito autorizado por el Gobierno. Se acumularán intereses por la cantidad de cada adelanto desde su fecha actual como se demuestra en el Registro de Adelantos en el final de este pagaré. El Prestatario autoriza al Gobierno a anotar la(s) cantidad(es) y fecha(s) de tal(es) adelanto(s) en el Registro de Adelantos.

En cada pagaré reamortizado o consolidado, o con un nuevo plan de pago, los intereses acumulados a la fecha de este instrumento deberán ser sumados al principal y ese nuevo principal acumulará intereses a razón del porciento evidenciado por este instrumento.

Todo pago hecho en cualquier deuda representada por este pagaré será primero aplicado a intereses computados a la fecha efectiva del pago y después al principal.

Jay-Ce-Agricultura          *Posición 2*          Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

Pagos adelantados de los plazos estipulados o cualquier parte de los mismos, podrán hacerse en cualquier tiempo a opción del Prestatario. Reembolsos y pagos extras, según se definen en los reglamentos (7 C.F.R. 1861.2) de la Administración de Hogares de Agricultores, de acuerdo con la fuente de los fondos envueltos, después de abonarse los intereses, se aplicarán a los últimos plazos a vencer bajo este pagaré y no afectarán la obligación del Prestatario de pagar los restantes plazos según se especifican en el mismo. Si el Gobierno en cualquier momento cediera este pagaré y asegura el pago del mismo, el prestatario continuará haciendo los pagos al Gobierno como agente cobrador del tenedor.

Mientras este pagaré esté en poder de un prestamista asegurado, los pagos adelantados hechos por el Prestatario podrán, a opción del Gobierno, ser remitidos por el Gobierno prontamente al tenedor o, a excepción del pago final, podrán ser retenidos por el Gobierno y remitidos al tenedor a base de plazo anual vencido. La fecha efectiva de todo pago hecho por el prestatario, excepto pagos retenidos y remitidos por el Gobierno al tenedor a base de plazo anual vencido será la fecha del cheque del Tesoro de los Estados Unidos mediante el cual el Gobierno remite el pago al tenedor. La fecha efectiva de cualquier pago adelantado retenido y remitido por el Gobierno al tenedor a base de plazo anual vencido, será la fecha del pago adelantado por el Prestatario y el Gobierno pagará los intereses a los cuales el tenedor tiene derecho que se devenguen entre la fecha efectiva de cualquiera de dichos pagos adelantados y la fecha del cheque del Tesoro remitido al tenedor.

Cualquier cantidad adelantada o invertida por el Gobierno para el cobro de este pagaré o para preservar o proteger la garantía del préstamo o de otra manera invertido bajo los términos de cualquier convenio de garantía u otro instrumento otorgado en relación con el préstamo aquí evidenciado, a opción del Gobierno pasará a ser parte del préstamo y devengará intereses al mismo tipo de interés que el principal de la deuda aquí evidenciada y vencerá y será pagadera inmediatamente en el Prestatario al Gobierno sin necesidad de requerimiento.

La propiedad construida, mejorada, comprada o refinanciada en total o en parte con el préstamo aquí evidenciado no será arrendada, cedida, vendida, transferida o gravada voluntariamente o de otra forma, sin el previo consentimiento por escrito del Gobierno. A menos que el Gobierno consienta lo contrario por escrito, el Prestatario operará personalmente dicha propiedad como una finca si este préstamo es a dueño de finca (FO).

Si una "Consolidación y un Préstamo Subsiguiente", "Consolidación", "Reamortización" o un "Nuevo Plan de Pago" es indicado en el encasillado superior de la primera página "Acción que Requiere Pagaré", este pagaré es otorgado para consolidar, reamortizar o evidenciar un nuevo plan de pago pero no en satisfacción del principal e intereses del siguiente pagaré(s) o convenio(s) de subrogación (nuevos términos):

| VALOR DEL PAGARE | INTERESES | FECHA | PRESTATARIO ORIGINAL | ULTIMO PLAZO A VENCER |
|---|---|---|---|---|
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |

Los documentos de garantía tomados en relación con los préstamos evidenciados por estos pagarés descritos u otras obligaciones relacionadas no son afectadas por el otorgamiento de esta consolidación, reamortización o nuevo plan de pago. Estos instrumentos de garantía continuarán en efecto y la garantía ofrecida para los préstamos evidenciados por los pagarés descritos permanecerán como garantía para el préstamo evidenciado por este pagaré y por cualquier otra obligación relacionada.

CONVENIO DE REFINANCIAMIENTO: Si en cualquier tiempo el Gobierno determinare que el Prestatario puede obtener un préstamo de una cooperativa responsable u otra fuente de crédito privada a un tipo de interés y términos razonables para préstamos por tiempo y condiciones similares, el Prestatario, a requerimiento del Gobierno, solicitará y aceptará el préstamo en cantidad suficiente para satisfacer este pagaré en su totalidad y pagar las acciones necesarias si el prestamista es una cooperativa.

INCUMPLIMIENTO: La falta de pago a su vencimiento de cualquier deuda aquí evidenciada o el incumplimiento de cualquier condición o acuerdo bajo este documento constituirá incumplimiento bajo cualquier otro instrumento evidenciando una deuda del Prestatario asegurada o garantizada por el Gobierno o en cualquier otra forma relacionada con dicha deuda; el incumplimiento bajo cualquier otro instrumento constituirá incumplimiento bajo los términos de este documento. COMETIDO CUALQUIER INCUMPLIMIENTO, el Gobierno, a su opción, podrá declarar toda o parte de dicha deuda vencida y pagadera inmediatamente.

Este Pagaré se otorga como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la Consolidated Farm and Rural Development Act o el Emergency Agricultural Credit Adjustment Act of 1978 y para el tipo de préstamo según indicado en el encasillado **"CLASE DE PRESTAMO"** más arriba. Este Pagaré está sujeto a los reglamentos presentes de la Administración de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, protesto y aviso son por la presente expresamente renunciados.

ANGEL SANCHEZ RIVERA                    *(Prestatario)*

MINERVA SEPULVEDA                    *(Prestatario)*

APARTADO 113

GUAYANILLA, PR   00656

| REGISTRO DE ADELANTOS | | | | | |
|---|---|---|---|---|---|
| CANTIDAD | FECHA | CANTIDAD | FECHA | CANTIDAD | FECHA |
| $35,000.00 | 3-2-83 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 35,000.00 | |

Jay-Ce–Agricultura                    *Posición 2*                    Forma FmHA 1940-17 (S)
                                                                        (Rev. 11-1-78)

---El importe de este pagaré y la hipoteca que lo garantiza, li-
quidado al cuatro de septiembre de mil novecientos ochenta y seis
dio un saldo deudor montante a CUARENTA Y SIETE MIL NOVECIENTOS--
CUATRO DOLARES CON OCHENTA Y TRES CENTAVOS ($47,904.83) con inte-
reses a razón del diez y tres cuartos porciento (10.75%) anual el
cual devengará intereses a razón del cinco porciento (5.00%) anual
y el cual habrá de ser pagado en la siguiente forma:------------

---QUINIENTOS DOLARES ($500.00) en o antes del primero de enero de
mil novecientos ochenta y siete; MIL DOLARES ($1,000.00) en o an--
tes del primero de enero de mil novecientos ochenta y ocho; MIL---
QUINIENTOS DOLARES ($1,500.00) en o antes del primero de enero de
mil novecientos ochenta y nueve; DOS MIL NOVECIENTOS TREINTA Y----
SIETE DOLARES ($2,937.00) en o antes de cada enero primero subsi--
guiente, excepto el pago final del total de la deuda aquí eviden-
ciada se hará en o antes del cuatro de septiembre del dos mil vein-
tiséis, según resulta de la escritura número treinta de liquida---
ción de Préstamo Hipotecario, Compraventa, REconocimiento de Obli-
gación, Modificación de Hipoteca y Liberación Parcial de Hipoteca,
y contitución de segunda hipoteca, ante el notario Jaime L. Pérez.
DOY FE.

En Adjuntas, Puerto Rico, a cuatro de septiembre de mil novecien-
tos ochenta y seis.   (FIRMADO, SIGNADO, RUBRICADO, Y SELLADO.)

NOTARIO PUBLICO

EXHIBIT 1A

**FmHA Form 1940-17 (S)**
**(Rev. 11-1-78)**

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION
PROMISSORY NOTE

TYPE OF LOAN
Type: FARM OWNERSHIP
In accordance with:
    X   Consolidated Farm and Rural Development Act
        Emergency Agricultural Credit Adjustment Act of 1978

Name: ANGEL SANCHEZ RIVERA
State: PUERTO RICO
Office: ADJUNTAS
Case Number: ███████████
Date: MARCH 2, 1983

ACTION REQUIRING NOTE:

| | | |
|---|---|---|
| X | Initial Loan | New Payment Plan |
| | Subsequent Loan | Reamortization |
| | Consolidation and Subsequent Loan | Sale on Credit |
| | Consolidation | X  Deferred Payments |

FOR VALUE RECEIVED, the undersigned Borrower(s) and any other co-borrower, jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (herein called the "Government"), or its representative, at its offices at ADJUNTAS, PUERTO RICO, or at another location designated in writing by the Government, the principal sum of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00), plus interest on the unpaid principal of TEN AND THREE QUARTERS PERCENT (10.75%) PER ANNUM. If this note is for a Limited Resources Loan (indicated in the box above, under the heading "Type of Loan"), the Government may CHANGE THE INTEREST RATE, in accordance with the Farmers Home Administration regulations, not more frequently than a calendar trimester basis, and shall notify Borrower at his most current address by mail, with thirty (30) days' notice. The new interest rate shall not exceed the highest interest rate established by the Farmers Home Administration regulations for the type of loan indicated above.

Principal and interests shall be paid in 41 installments, as indicated below, unless modified by a different interest rate, on or before the following dates:

$300.00................on January 1, 1984
$500.00................on January 1, 1985

1

$500.00.................on January 1, 1986
and $4,105.00 each January first subsequently thereafter until the principal and interests
are completely paid, except for the final payment of the debt evidenced herein, which, if
not sooner paid, shall be due and payable 40 years from the date of this note, with the
exception that prepayments may be made as provided for below. The consideration
hereof shall support any agreement modifying the schedule of payments.

If the total amount of the loan is not forwarded by the due date, the loan will be
forwarded to Borrower, pursuant to request by Borrower and approval by the
Government. Approval by the Government shall be granted only when the loan is
requested for purposes authorized by the Government. Interests will accrue on the
amount of each loan starting on the date these become effective as shown in the Payment
Log at the end of this note. Borrower authorizes the Government to note the amount(s)
and date(s) of any prepayment(s) in the Payment Log.

For any note that is reamortized, consolidated or with a new payment plan, interests
accumulated as of the date of this instrument will be added to the principal and the new
principal will accrue interests at the rate evidenced herein.

Every payment made on any indebtedness evidenced by this note shall be applied first to
interests computed as of the effective payment date and then to the principal.

Payments in advance of scheduled installments, or any portion thereof, may be made at
any time at the option of the Borrower.  Refunds and extra payments, as defined in
regulations (7 C.F.R. 1861.2) of the Farmers Home Administration, according to the
source of the funds involved, shall, after payment of interest, be applied to the last
installments to come due under this promissory note, and shall not affect Borrower's duty
to pay the remaining installments as scheduled herein. If at any time the Government
should assign this promissory note and insure payment of the same, the Borrower shall
continue making payments to the Government as collecting agent of the holder.

If this note is held by an insured lender, advance payments made by Borrower may, at the
Government's option, be transferred promptly by the Government to the holder, except
the final payment, or such payments shall be retained by the Government and transferred
to the holder either on an annual installment due date basis.  The effective date of any
advance payment retained and transferred by the Government to the holder on an annual
installment due date basis shall be the date of Borrower's advance payment, and the
Government shall pay the interest to which the holder is entitled, accruing between the
effective date of any such advance payment and the date of the Treasury check paid to the
holder.

Any amount forwarded or invested by the Government in order to collect on this
promissory note or to preserve or protect the security of the loan or paid in any way under
the terms of any security agreement or other instrument executed in relation to the loan
evidenced herein, shall, at the option of the Government, become part of the loan and
shall accrue interest at the same rate as the principal of the debt evidenced herein and

shall be immediately due and payable by the Borrower to the Government without the need of requirements.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced herein shall not be voluntarily leased, surrendered, sold, transferred, or encumbered, without the previous written consent of the Government. Unless the Government gives written consent to the contrary, Borrower will personally manage said property as a farm if this is a Farm Owner (FO) loan.

If "Consolidation and Subsequent Loan", "Consolidation", "Reamortization" or "New Payment Plan" is marked in the upper box of the first page titled "Action Requiring Note", this promissory note is executed to consolidate, reamortize or as evidence of a new payment plan, but not to satisfy the principal and interests of the following promissory note(s) or assumption agreement(s) (new terms):

AMOUNT OF NOTE: $
INTERESTS: %
DATE:
ORIGINAL BORROWER:
LAST INSTALLMENT DUE:

The security documents taken in relation to the loans evidenced by the described promissory notes or other stated obligations are not affected by the execution of this consolidation, reamortization or new payment plan. These security instruments shall remain in effect and the security offered for the loans evidenced by the described promissory notes shall continue to guarantee the loan evidenced by this promissory note and by any other stated obligations.

REFINANCING AGREEMENT: If at any time the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or other private credit source at reasonable rates and terms for loans for similar purposes and time periods, Borrower shall, at the Government's request, apply for and accept a loan of a sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary shares.

DEFAULT: Failure to pay any debt described herein when due, or failure to comply with any condition or agreement of this document, shall constitute default under any other instrument evidencing a debt insured or guaranteed by the Government, or in any other way related to such debt, that the Borrower may have; and default under any other instrument shall constitute default under the terms of this document. UPON ANY SUCH DEFAULT, the Government, at its discretion, may declare all or part of such debt due and payable immediately.

This note is executed as evidence of a loan to Borrower made or insured by the Government, pursuant to the Consolidated Farm and Rural Development Act or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan indicated

in the box 'TYPE OF LOAN" above. This note is subject to the present regulations of Farmers Home Administration and to its future regulations not inconsistent with the stipulations expressed herein.

Presentation, protest, and notice are hereby expressly waived.

[Signature]
ANGEL SANCHEZ RIVERA (BORROWER)
[Signature]
MINERVA SEPULVEDA (BORROWER)

BOX 113
ADJUNTAS, PUERTO RICO 00656

PAYMENT LOG

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $35,000.00 | 3-2-83 | $ | | $ | |

TOTAL: $35,000.00

# **CERTIFICATE**

I hereby certify that the attached Promissory Note is a true and accurate translation to the best of my knowledge, ability and belief. I am experienced, competent and certified to translate from Spanish into English.

DATED this 17th day of July of 2006.

Nicole Harris
*Federal and State Certified Translator*

WITNESS my hand and official seal hereto affixed this 17th day of July of 2006.

Signature

Print Name: Rosa Capdevielle
Notary Public in and for the State of Washington
My appointment expires: 02/01/2010

4

The amount of this promissory note and the mortgage securing it, liquidated on September four, nineteen eighty-six, had an unpaid balance of FORTY-SEVEN THOUSAND NINE HUNDRED AND FOUR DOLLARS AND EIGHTY-THREE CENTS ($47,904.83), with interest at the rate of TEN AND THREE QUARTERS PERCENT (10.75%) per annum, which shall accrue interest at the rate of FIVE PERCENT (5%) per annum and shall be paid as follows:

FIVE HUNDRED DOLLARS ($500.00) on or before January first, nineteen eighty-seven; ONE THOUSAND DOLLARS ($1,000.00) on or before January first, nineteen eighty-eight; ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500.00) on or before January first, nineteen eighty-nine; and TWO THOUSAND NINE HUNDRED AND THIRTY-SEVEN DOLLARS ($2,937.00) on or before every January first subsequently thereafter, except for the final payment of the debt evidenced herein, which shall be due and payable on or before September four, two thousand and twenty-six, pursuant to Deed of Liquidation of Mortgage Loan, Sale, Debt Recognition, Mortgage Loan Modification, Partial Mortgage Release number thirty, executed before the Notary Jaime L. Pérez. I BEAR WITNESS.

In Adjuntas, Puerto Rico, on September four, nineteen eighty-six. SIGNED, STAMPED, SEALED AND ENDORSED.

[Signature]
NOTARY PUBLIC
[Seal]

# CERTIFICATE

     I hereby certify that the attached document is a true and accurate translation to the best of my knowledge, ability and belief. I am experienced, competent and certified to translate from Spanish into English.

DATED this 17th day of July of 2006.

*Nicole Harris*
*Federal and State Certified Translator*

WITNESS my hand and official seal hereto affixed this 17th day of July of 2006.

Signature

Print Name: Rosa Capdevielle
Notary Public in and for the State of Washington
My appointment expires: 02/01/2010

1



Presentado al Aº. _582_
Diario _197_
___ _213_ _marzo-83_
Fecha
Registro de P…

## BUFETE Y NOTARIA

# Lic. Serafín Rosado Santiago

## &

# Lic. Jaime L. Pérez

### ABOGADOS - NOTARIOS

CALLE SANTA ANA # 7 - TELS. 829-4130 - 829-4970
ADJUNTAS, PUERTO RICO

NUMERO _____50_____

# ESCRITURA

### DE

HIPOTECA VOLUNTARIA

## OTORGADA POR

DON ANGEL SANCHEZ RIVERA

Y DOÑA MINERVA SEPULVEDA también cono-

cida como JUANA M. SEPULVEDA

A FAVOR DE_____ LOS ESTADOS UNIDOS DE AMERICA

ADJUNTAS, P. R., A__2__DE__MARZO_____DE 19_83_

**Forma FmHA 427-1 PR**
**10/77**

———————————————NUMERO   CINCEU, digo, CINCUENTA

———————————HIPOTECA VOLUNTARIA—————————

En  Adjuntas, Puerto Rico, a los DOS_____———
días del mes de  marzo——————— del año mil novecientos
ochenta y tres.——————————ANTE MI—————————————

———————————SERAFIN ROSADO SANTIAGO——————————
Abogado y Notario Público de esta Isla con residencia y vecindad en
Adjuntas, Puerto Rico——— y oficina en  Adjuntas, Puerto
Rico.——————————————————————————————————
———————————————COMPARECEN —————————————

Las personas nombradas en el párrafo DUODECIMO de esta hipoteca
denominados de aquí en adelante el "deudor hipotecario" y cuyas
circunstancias personales aparecen de dicho párrafo.————————————

Doy fe del conocimiento personal de los comparecientes, así como por sus
dichos de su edad, estado civil, profesión y vecindad. ————————

Aseguran hallarse en el pleno goce de sus derechos civiles, la libre
administración de sus bienes y teniendo a mi juicio la capacidad legal
necesaria para este otorgamiento,  y en tal virtud libre y volun-
tariamente,—————————————————————————————————
———————————————————EXPONEN ————————————

PRIMERO: El deudor hipotecario es dueño de la finca o fincas descritas en
el párrafo UNDECIMO así como de todos los derechos e intereses en las
mismas, denominada de aquí en adelante "los bienes". ——————————

SEGUNDO: Que los bienes aquí hipotecados están  afectos  a los
gravámenes que se especifican en el párrafo UNDECIMO.————————

TERCERO: Que el deudor hipotecario viene obligado para con Estados
Unidos de América, actuando por conducto de la Administración de Hogares
de Agricultores, denominado de aquí en adelante el "acreedor hipotecario",
en relación con un préstamo o préstamos evidenciado por uno o más pagarés
o convenio de subrogación, denominado en adelante el "pagaré", sean uno o
más. Se requiere por el Gobierno que se hagan pagos adicionales mensuales
de una doceava parte de las contribuciones, avaluos (impuestos), primas de

FORMA FmHA 427-1 PR

1

Forma FmHA-427-1 PR
10/77

seguros y otros cargos que se hayan estimados sobre la propiedad hipotecaria.—————————————————————————————

CUARTO: Se sobreentiende que: —————————————————————

(Uno) El pagaré evidencia un préstamo o préstamos al deudor hipotecario por la suma de principal especificada en el mismo, concedido, con el propósito y la intención de que el acreedor hipotecario puede ceder el pagaré en cualquier tiempo y asegurar su pago de conformidad con el Acta de mil novecientos sesenta y uno consolidando la Administración de Hogares de Agricultores o el Título Quinto de la Ley de Hogares de mil novecientos cuarenta y nueve, según ha sido enmendada. —————————————

(Dos) Cuando el pago del pagaré es garantizado por el acreedor hipotecario, puede ser cedido de tiempo en tiempo y cada tenedor de dicho pagaré a su vez será el prestamista asegurado. —————————————————

(Tres) Cuando el pago del pagaré es asegurado por el acreedor hipotecario, el acreedor hipotecario otorgará y entregará al prestamista asegurado conjuntamente con el pagaré un endoso de seguro garantizando totalmente el pago de principal e intereses de dicho pagaré.—————————————

(Cuatro) En todo tiempo que el pago del pagaré esté asegurado por el acreedor hipotecario, el acreedor hipotecario, por convenio con el prestamista asegurado, determinarán en el endoso de seguro la porción del pago de intereses del pagaré que será designada como "cargo anual".———

(Cinco) Una condición del aseguramiento de pago del pagaré será de que el tenedor cederá todos sus derechos y remedios contra el deudor hipotecario y cualquiera otro en relación con dicho préstamo así como también a los beneficios de esta hipoteca y aceptará en su lugar los beneficios del seguro, y en caso de violación de cualquier convenio o estipulación aquí contenida o en el pagaré o en cualquier convenio suplementario por parte del deudor hipotecario, a requerimiento del acreedor hipotecario endosará el pagaré al acreedor hipotecario. ——————————————————————

(Seis)  Entre otras cosas, es el propósito e intención de esta hipoteca, que en todo tiempo cuando el pagaré esté en poder del acreedor hipotecario, o en el caso en que el acreedor hipotecario ceda esta hipoteca sin asegurar el pagaré, esta hipoteca garantizará el pago del pagaré pero cuando el pagaré



—2—

Forma FmHA-427-1 PR
10/77

esté en poder de un prestamista asegurado, esta hipoteca no garantizará el pago del pagaré o formará parte de la deuda evidenciada por el mismo, pero en cuanto al pagaré y a dicha deuda, constituirá una hipoteca de indemnización para garantizar al acreedor hipotecario contra cualquier pérdida bajo el endoso de seguro por causa de cualquier incumplimiento por parte del deudor hipotecario. ——————————————————————————————

QUINTO: Que en consideración al préstamo y (a) en todo tiempo que el pagaré sea conservado por el acreedor hipotecario o en el caso de que el acreedor hipotecario ceda la presente hipoteca sin el seguro de pago del pagaré y en garantía del importe del pagaré según se especifica en el subpárrafo (Uno) del párrafo NOVENO con sus intereses al tipo estipulado y para asegurar el pronto pago de dicho pagaré, su renovación o extensión y cualquier convenio contenido en el mismo, (b) en todo tiempo que el pagaré sea poseído por el prestamista asegurado en garantía de las sumas especificadas en el subpárrafo (Dos) del párrafo NOVENO aquí consignado, para garantizar el cumplimiento del convenio del deudor hipotecario de indemnizar y conservar libre al acreedor hipotecario contra pérdidas bajo el endoso de seguro por razón de incumplimiento del deudor hipotecario y (c) en cualquier caso y en todo tiempo en garantía de las sumas adicionales consignadas en el subpárrafo (Tres) del párrafo NOVENO de este instrumento y para asegurar el cumplimiento de todos y cada uno de los convenios y estipulaciones del deudor hipotecario aquí contenidos o en cualquier otro convenio suplementario, el deudor hipotecario por la presente constituye hipoteca voluntaria a favor del acreedor hipotecario sobre los bienes descritos en la párrafo UNDECIMO más adelante, así como sobre los derechos, intereses, servidumbres, derechos hereditarios, adhesiones pertenecientes a los mismos, toda renta, créditos, beneficios de los mismos, y todo producto e ingreso de los mismos, toda mejora o propiedad personal en el presente o que en el futuro se adhiera o que sean razonablemente necesarias para el uso de los mismos, sobre las aguas, los derechos de agua o acciones en los mismos, pertenecientes a las fincas o a todo pago que en cualquier tiempo se adeude al deudor hipotecario por virtud de la venta, arrendamiento, transferencia, enajenación o expropiación total o parcial de o por daños a cualquier parte de las mismas o a los intereses sobre ellas, siendo entendido que este gravámen quedará en toda su fuerza y vigor hasta que las cantidades especificadas en el párrafo NOVENO con sus intereses antes y después del vencimiento hasta que los mismos hayan sido pagados en su totalidad. En caso de ejecución, los bienes responderán del pago del principal, los intereses antes y después de vencimiento, hasta su total



—3—

Forma FmHA-427-1 PR
10/77

solvento, pérdida sufrida por el acreedor hipotecario como asegurador del pagaré, contribuciones, prima de seguro o cualquier otro desembolso o adelanto por el acreedor hipotecario por cuenta del deudor hipotecario con sus intereses hasta que sean pagados al acreedor hipotecario, costas, gastos y honorarios de abogado del acreedor hipotecario, toda extensión o renovación de dichas obligaciones con intereses sobre todas y todo otro cargo o suma adicional especificada en el párrafo NOVENO de este documento, ————

SEXTO: El deudor hipotecario expresamente conviene lo siguiente:————

(Uno) Pagar al acreedor hipotecario prontamente a su vencimiento cualquier deuda aquí garantizada e indemnizar y conservar libre de pérdida al acreedor hipotecario bajo el seguro del pago del pagaré por incumplimiento del deudor hipotecario. En todo tiempo cuando el pagaré sea poseído por el prestamista asegurado, el deudor hipotecario continuará haciendo los pagos contra dicho pagaré al acreedor hipotecario como agente cobrador del tenedor del mismo. ————————————————————

(Dos) A pagar al acreedor hipotecario una cuota inicial por inspección y tasación y cualquier cargo por delincuencia requerido en el presente o en el futuro por los reglamentos de la Administración de Hogares de Agricultores.

(Tres) En todo tiempo cuando el pagaré sea poseído por un prestamista asegurado, cualquier suma adeudada y no pagada bajo los términos del pagaré, menos la cantidad o carga anual, podrá ser pagada por el acreedor hipotecario al tenedor del pagaré bajo los términos provistos en el pagaré y en el endoso de seguro referido en el párrafo CUARTO anterior por cuenta del deudor hipotecario. ————————————————————

Cualquier suma vencida y no pagada bajo los términos del pagaré, sea éste poseído por el acreedor hipotecario o por el prestamista asegurado, podrá ser acreditada por el acreedor hipotecario al pagaré y en su consecuencia constituirá un adelanto por el acreedor hipotecario por cuenta del deudor hipotecario.————————————————————



Cualquier adelanto por el acreedor hipotecario tal como se describe en este subpárrafo devengará intereses a razón del **diez y tres cuartos** por ciento (**10.75** %) anual a partir de la fecha en que venció el pago hasta la fecha en que el deudor hipotecario lo satisfaga.————————————

(Cuatro) Fuere o no el pagaré asegurado por el acreedor hipotecario,

—4—

Forma FmHA-427-1 PR
10/77

cualquier o todo adelanto hecho por el acreedor hipotecario para prima de seguro, reparaciones, gravámenes u otra reclamación en protección de los bienes hipotecados o para contribuciones o impuestos u otro gasto similar por razón de haber el deudor hipotecario dejado de pagar por los mismos, devengará intereses a razón del tipo estipulado en el subpárrafo anterior desde la fecha de dichos adelantos hasta que los mismos sean satisfechos por el deudor hipotecario. ————————————————————————————

(Cinco) Todo adelanto hecho por el acreedor hipotecario descrito en esta hipoteca con sus intereses vencerá inmediatamente y será pagadero por el deudor hipotecario al acreedor hipotecario sin necesidad de requerimiento alguno en el sitio designado en el pagaré y será garantizado por la presente hipoteca. Ningún adelanto hecho por el acreedor hipotecario no relevará al deudor hipotecario de su violación del convenio de pagar. Dichos adelantos, con sus intereses, se reembolsarán de los primeros pagos recibidos del deudor hipotecario. Si no hubieren adelantos, todo pago verificado por el deudor hipotecario podrá ser aplicado al pagaré o a cualquier otra deuda del deudor hipotecario aquí garantizada en el orden que el acreedor hipotecario determinare. ——————————————————————————————

(Seis) Usar el importe del préstamo evidenciado por el pagaré únicamente para los propósitos autorizados por el acreedor hipotecario. ——————————

(Siete) A pagar a su vencimiento las contribuciones, impuestos especiales, gravámenes y cargas que graven los bienes o los derechos o intereses del deudor hipotecario bajo los términos de esta hipoteca. ————————————

(Ocho) Obtener y mantener seguro contra incendio y otros riesgos según requiera el acreedor hipotecario sobre los edificios y las mejoras existentes en los bienes o cualquier otra mejora introducida en el futuro. El seguro contra fuego y otros riesgos serán en la forma y por las cantidades, términos y condiciones que aprobare el acreedor hipotecario. ——————————————

(Nueve) Conservar los bienes en buenas condiciones y prontamente verificar las reparaciones necesarias para la conservación de los bienes; no cometerá ni permitirá que se cometa ningún deterioro de los bienes; ni removerá ni demolerá ningún edificio o mejora en los bienes, ni cortará ni removerá madera de la finca, ni removerá ni permitirá que se remueva grava, arena, aceite, gas, carbón u otros minerales sin el consentimiento del acreedor hipotecario y prontamente llevará a efecto las reparaciones en los bienes que



FORMA FmHA-417-1 PR

Forma FmHA-427-1 PR
10/77

el acreedor hipotecario requiera de tiempo en tiempo. El deudor hipotecario cumplirá con aquellas prácticas de conservación de suelo y los planes de la finca y del hogar que el acreedor hipotecario de tiempo en tiempo pueda prescribir. ———————————————————————————————

(Diez) Si esta hipoteca se otorga para un préstamo a dueño de finca según se identifica en los reglamentos de la Administración de Hogares de Agricultores, el deudor hipotecario personalmente operará los bienes por sí y por medio de su familia como una finca y para ningún otro propósito y no arrendará la finca ni parte de ella a menos que el acreedor hipotecario consienta por escrito en otro método de operación o al arrendamiento. ———

(Once) Someterá en la forma y manera que el acreedor hipotecario requiera la información de sus ingresos y gastos y cualquier otra información relacionada con la operación de los bienes y cumplirá con todas las leyes, ordenanzas y reglamentos que afecten los bienes o su uso. ——————————

(Doce) El acreedor hipotecario, sus agentes y abogados, tendrán en todo tiempo el derecho de inspeccionar y examinar los bienes con el fin de determinar si la garantía otorgada está siendo mermada o deteriorada, y si dicho examen o inspección determinare, a juicio del acreedor hipotecario, que la garantía otorgada está siendo mermada o deteriorada, tal condición se considerará como una violación por parte del deudor hipotecario de los convenios de esta hipoteca. ——————————————————————

(Trece) Si cualquier otra persona detentare con o impugnare el derecho de posesión del deudor hipotecario a los bienes, el deudor hipotecario inmediatamente notificará al acreedor hipotecario de dicha acción y el acreedor hipotecario, a su opción, podrá instituir aquellos procedimientos que fueren necesarios en defensa de sus intereses y los gastos y desembolsos incurrido por el acreedor hipotecario en dichos procedimientos, serán cargados a la deuda del deudor hipotecario y se considerarán garantizados por esta hipoteca dentro del crédito adicional de la cláusula hipotecaria para adelantos, gastos y otros pagos. ——————————————————————————

(Catorce) Si el deudor hipotecario en cualquier tiempo mientras estuviere vigente esta hipoteca, abandonare los bienes o voluntariamente se los entregase al acreedor hipotecario, el acreedor hipotecario es por la presente autorizado y con poderes para tomar posesión de los bienes, arrendarlos y administrar los bienes y cobrar sus rentas, beneficios e ingresos de los mismos



—6—

Forma FmHA-427-1 PR
10/77

y aplicarlos en primer término a los gastos de cobro y administración y en segundo término al pago de la deuda evidenciada por el pagaré o cualquier otra deuda del deudor hipotecario y aquí garantizada, en el orden y manera que el acreedor hipotecario determinare. ————————————————

(Quince) En cualquier tiempo que el acreedor hipotecario determinare que el deudor hipotecario puede obtener un préstamo de una asociación de crédito para producción, de un Banco Federal u otra fuente responsable, cooperativa o privada, a un tipo de interés y términos razonables para préstamos por tiempo y propósitos similares, el deudor hipotecario, a requerimiento del acreedor hipotecario, solicitará y aceptará dicho préstamo en cantidad suficiente para satisfacer el pagaré y cualquier otra deuda aquí garantizada y pagar por las acciones necesarias en la agencia cooperativa en relación con dicho préstamo. ————————————————

(Dieciseis) El incumplimiento de cualesquiera de las obligaciones garantizadas por esta hipoteca, o si el deudor hipotecario o cualquier otra persona incluída como deudor hipotecario faltare en el pago de cualquier cantidad o violare o no cumpliere con cualquier cláusula, condición, estipulación o convenio o acuerdo aquí contenido o en cualquiera convenio suplementario, o falleciere o se declarare o fuere declarado incompetente, en quiebra, insolvente o hiciere una cesión en beneficio de sus acreedores, o los bienes o parte de ellos o cualquier interés en los mismos fueren cedidos, vendidos, arrendados, transferidos o gravados voluntariamente o de otro modo, sin el consentimiento por escrito del acreedor hipotecario, el acreedor hipotecario es irrevocablemente autorizado y con poderes, a su opción y sin notificación: (Uno) a declarar toda deuda no pagada bajo los términos del pagaré o cualquier otra deuda al acreedor hipotecario aquí garantizada, inmediatamente vencida y pagadera y proceder a su ejecución de acuerdo con la ley y los términos de la misma; (Dos) incurrir y pagar los gastos razonables para la reparación o mantenimiento de los bienes y cualquier gasto u obligación que el deudor hipotecario no pagó según se conviniere en esta hipoteca, incluyendo las contribuciones, impuestos, prima de seguro y cualquier otro pago o gasto para la protección y conservación de los bienes y de esta hipoteca o incumplimiento de cualquier precepto de esta hipoteca y (Tres) de solicitar la protección de la ley. ————————————————



(Diecisiete) El deudor hipotecario pagará o reembolsará al acreedor hipotecario todos los gastos necesarios para el fiel cumplimiento de los convenios y acuerdos de esta hipoteca, los del pagaré y en cualquier otro

—7—

Forma FmHA-427-1 PR
10/77

convenio suplementario, incluyendo los gastos de mensura, evidencia de título, costas, inscripción y honorarios de abogado. ————————————

(Dieciocho) Sin afectar en forma alguna los derechos del acreedor hipotecario para requerir y hacer cumplir en cualquier fecha posterior los convenios, acuerdos u obligaciones aquí contenidas o similares u otros convenios y sin afectar la responsabilidad de cualquier persona para el pago del pagaré o cualquier otra deuda aquí garantizada y sin afectar el gravámen impuesto sobre los bienes o la prioridad del gravámen, el acreedor hipotecario es por la presente autorizado y con poder en cualquier tiempo (Uno) renunciar el cumplimiento de cualquier convenio u obligación aquí contenida o en el pagaré o en cualquier convenio suplementario; (Dos) negociar con el deudor hipotecario o conceder al deudor hipotecario cualquier indulgencia o tolerancia o extensión de tiempo para el pago del pagaré (con el consentimiento del tenedor de dicho pagaré cuando esté en manos de un prestamista asegurado) o para el pago de cualquier deuda a favor del acreedor hipotecario, y aquí garantizada; o (Tres) otorgar y entregar cancelaciones parciales de cualquier parte de los bienes de la hipoteca aquí constituída u otorgar diferimiento o postergación de esta hipoteca a favor de cualquier otro gravámen constituído sobre dichos bienes.

(Diecinueve) Todos los derechos, título e interés en y sobre la presente hipoteca, incluyendo pero no limitando el poder de otorgar consentimientos, cancelaciones parciales, subordinación, cancelación total, radica sola y exclusivamente en el acreedor hipotecario y ningún prestamista asegurado tendrá derecho, título o interés alguno en o sobre el gravámen y los beneficios aquí contenidos. ————————————————————



(Veinte) El incumplimiento de esta hipoteca constituirá incumplimiento de cualesquiera otra hipoteca, préstamo refaccionario, o hipoteca de bienes muebles poseída o asegurada por el acreedor hipotecario y otorgada o asumida por el deudor hipotecario; y el incumplimiento de cualesquiera de dichos instrumentos de garantía constituirá incumplimiento de esta hipoteca.

(Veintiuno) Todo aviso que haya de darse bajo los términos de esta hipoteca será remitido por correo certificado a menos que se disponga lo contrario por ley y será dirigido hasta tanto otra dirección sea designada en un aviso dado al correo, en el caso del acreedor hipotecario a Administración de Hogares de Agricultores, Departamento de Agricultura de Estados Unidos, San Juan, Puerto Rico, y en el caso del deudor hipotecario, a él a la dirección postal de

—8—

Forma FmHA-427-1 PR
10/77

su residencia según se especifica más adelante. ————————————

(Veintidos) El deudor hipotecario por la presente cede al acreedor hipotecario el importe de cualquier sentencia obtenido por expropiación forzosa para uso público de los bienes o parte de ellos así como también el importe de la sentencia por daños causados a los bienes. El acreedor hipotecario aplicará el importe que reciba al pago de los gastos en que incurriere en su cobro y el balance al pago del pagaré y cualquier deuda al acreedor hipotecario garantizada por esta hipoteca, y si hubiere algún sobrante, se reembolsará al deudor hipotecario. ————————————

SEPTIMO: Para que sirva de tipo a la primera subasta que deberá celebrarse en caso de ejecución de esta hipoteca, de conformidad con la ley hipotecaria, según enmendada, el deudor hipotecario por la presente tasa los bienes hipotecados en la suma de TREINTA Y CINCO MIL DOLARES ———— ($35,000.00) de los cuales VEINTE MIL QUINIENTOS DO-LARES ($20,500.00) corresponden a la finca A, NUEVE MIL QUINIENTOS DOLARES ($9,500.00) a la finca B, y CINCO MIL DOLARES ($5,000.00) a la finca C.————————

OCTAVO: El deudor hipotecario por la presente renuncia al trámite de requerimiento y se considerará en mora sin necesidad de notificación alguna por parte del acreedor hipotecario. Esta hipoteca está sujeta a los reglamentos de la Administración de Hogares de Agricultores ahora en vigor y a futuros reglamentos, no inconsistentes con los términos de esta hipoteca, así como también sujeta a las leyes del Congreso de Estados Unidos de América que autorizan la asignación y aseguramiento del préstamo antes mencionado. ————————————

NOVENO: Las cantidades garantizadas por esta hipoteca son las siguientes:

Una. En todo tiempo cuando el pagaré relacionado en el párrafo TERCERO de esta hipoteca sea poseído por el acreedor hipotecario o en caso que el acreedor hipotecario cediere esta hipoteca sin asegurar el pagaré: de TREINTA Y CINCO MIL——————————DOLARES ($35,000.00) el principal de dicho pagaré, con sus intereses según estipulados a razón del diez y tres cuartos——— por ciento 10.75%) anual; ——————————

Dos. En todo tiempo cuando el pagaré es poseído por un prestamista asegurado: ———————————————————————
(A) TREINTA Y CINCO MIL——————————————————DOLARES ($ 35,000.00

—9—

Forma FmHA 427-1 PR
10/77

para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado por motivo del incumplimiento del deudor hipotecario de pagar los plazos según se especifica en el pagaré, con intereses según se especifica en el párrafo SEXTO, Tercero; ————————————————

(B)   CINCUEN TA Y DOS MIL QUINIENTOS————————————
————————————————— DOLARES ($ 52,500.00 )

para indemnizar al acreedor hipotecario además contra cualquier pérdida que pueda sufrir bajo su seguro de pago del pagaré; ————————————

Tres.  En cualquier caso y en todo tiempo; ————————————————

(A)  CATORCE MIL————————————————————————
————————————————— DOLARES ($14,000.00  )

para intereses después de mora; ————————————————————

(B)   SIETE MIL————————————————————————————
————————————————— DOLARES ($7,000.00——)

para  contribuciones, seguro  y  otros  adelantos  para  la  conservación  y protección de esta hipoteca, con intereses al tipo estipulado en el párrafo SEXTO, Tercero; ————————————————————————————

(C)  TRES MIL QUINIENTOS————————————————————
————————————————— DOLARES ($3,500.00   )

para costas, gastos y honorarios de abogado en caso de ejecución; ————————

(D)  TRES MIL QUINIENTOS————————————————————
————————————————— DOLARES ($ 3,500.00   )

para costas y gastos que incurriere el acreedor hipotecario en procedimientos para  defender  sus  intereses  contra  cualquier  persona  que  intervenga  o impugne el derecho de posesión del deudor hipotecario a los bienes según se consigna en el párrafo SEXTO, Trece. ——————————————————

DECIMO:  Que el (los) pagaré(s) a que se hace referencia en el párrafo TERCERO de esta hipoteca es (son) descrito(s) como sigue: ——————————

Pagaré otorgado en el caso número  sesenta y tres guión treinta y cinco guión quinientos ochenta y dos guión cuarenta y seis guión nueve mil cuatrocientos setenta y nueve fechado el día  DOS————————————
————————— de  marzo ————— de mil novecientos  ochenta y tres.——
————————————————————————————————————
————————————————————————————————————



10

**Forma FmHA 427-1 PR**
**10/77**

por la suma de  TREINTA Y CINCO MIL————————————

($35,000,00) dólares de principal más intereses sobre el balance del principal

adeudado a razón del  diez y tres cuartos————————————

———————  (10.75% ) por ciento anual, hasta tanto su principal sea

totalmente satisfecho según los términos, plazos, condiciones y estipulaciones

contenidas en dicho pagaré y según acordados y convenidos entre el

Prestatario y el Gobierno; excepto el pago final del total de la deuda aquí

representada, de no haber sido satisfecho con anterioridad, vencerá y será

pagadero a los cuarenta (40)————— años de la fecha de este pagaré.

—— Dicho pagaré ha sido otorgado como evidencia de un préstamo concedido

por el Gobierno al Prestatario de conformidad con la Ley del Congreso

los Estados Unidos de América denominada "Consolidated Farm and

Rural Development Act of 1961" o de conformidad con el "Title V of

the Housing Act of 1949", según han sido enmendadas y está sujeto a los

presentes reglamentos de la Administración de Hogares de Agricultores

a los futuros reglamentos no inconsistentes con dicha Ley    De cuya

descripción, yo, el Notario Autorizante, DOY FE. ————————————

UNDECIMO:  Que la propiedad objeto de la presente escritura y sobre la que

se constituye Hipoteca Voluntaria, se describe como sigue: ——————————
A:————————————————————————————————————————
———RUSTICA:  Predio de terreno radicado en el barrio———
Yahuecas de Adjuntas, Puerto Rico, con cabida de DOCE
CUERDAS, equivalentes digo DOCE CUERDAS MAS O MENOS, equ
valentes a cuatro hectáreas, setenta y una áreas, seis-
cientas cuarenta y ocho miliáreas.  Colindando al NORTE
con Sucesión Bennazar; al ESTE, con Fernando Orsini; po
el SUR, con Río Limaní; y por el OESTE, con la Puerto
Rico Reconstruction Administration.  Contiene una casa
de maderas, techada de zinc, de dos plantas, con balcón
de concreto en la planta alta, que mide veintidós pies
de frente por treinta y dos pies de fondo, la planta———
alta dedicada a vivienda y la baja a almacén.————————

———Inscrita al folio ciento noventa y cinco del tomo——
ciento setenta y cinco del Municipio de Adjuntas, finca
número dos mil seiscientos veintiuno inscripción die——
ciséis.—————————————————————————————————————

B:  RUSTICA:  Parcela de terreno radicada en el barrio
Guayabo Dulce del término municipal de Adjuntas, com-
puesto de TRES CUERDAS, EQUIVALENTES a una hectárea,——
dieciséis áreas y noventa y una centiáreas, y mil ocho
cientos sesenta y ocho diez milésimas de otra, lindan-
tes por el NORTE, con la parcela número trece, Bartolo
Ozona y un camino; por el SUR, con la parcela número-
quince; por el ESTE, con un camino que separa terreno
de Miguel Magraner; y por el OESTE, con Bartolo Ozona.
Esta parcela está marcada con el número catorce del
caso C doscientos cincuenta y seis.  Dentro de la par-
cela descrita se encuentra enclavada una casa de concr
reforzado, tipo uno dos R, de veinte pies de largo por

Folio  195
Tomo  175 Adj
Fca. Núm. 2631
Inscrip. 18

EXTENSA

Folio  62 vto
Tomo  137 Adj
Fca. Núm. 523
Inscrip. 7

Registro de la Propiedad
DE
Puerto Rico

SERAFIN ROSADO SANTIAGO
Abogado
Notario
Isla de Puerto Rico

FORMA FmHA 427-1 PR

11

veinte pies de ancho con divisiones interiores de--
madera, construida por la Puerto Rico Reconstruction
Administration.-----------------------------------------

---Inscrita esta propiedad al folio sesenta y dos---
vuelto del tomo ciento treinta y cuatro del Municipio
de Adjuntas, finca número cinco mil cincuenta y nueve
inscripción sexta.--------------------------------------

C. RUSTICA: Parcela marcada con el número ciento--
cinco en el plano de parcelación de la comunidad Rural
Magas del barrio Magas del término municipal de------
Guayanilla con una cabida superficial de CERO CUERDAS
CON TRES MIL CUATROCIENTOS NOVENTA Y SIETE DIEZMILE-
SIMAS DE OTRA, equivalentes a trescientos setenta y--
cuatro punto cuarenta y uno metros cuadrados. En lin-
des por el NORTE, con la calle número cinco de la co-
munidad; por el ESTE, con la parcela número ciento--
siete della comunidad; por el OESTE con la parcela--
número ciento cuatro de la comunidad; y po r el SUR,
con la parcela número ciento seis de la comunidad.---

---Inscrita esta propiedad al folio uno del tomo---
ciento tres del Municipio de Guayanilla, finca número
tres mil trescientos veintinueve.-----------------------

Forma FmHA 427-1 PR
10/77

Adquirió el p [ ]tatario la descrita finca por compra [ ] ------
la finca A por compra a Eligio Muñoz León y Regina Santiago y la
finca B por compra a Pedro Jiménez y Margarita Martí -------

según consta de la Escritura Número   cuarenta y nueve——————
——————— y setenta respectivamente ————————————————
————————————————— de fecha dos de marzo de mil novecientos ochenta
y tres y diez de octubre de mil novecientos setenta y tres————
————————————— otorgada en la ciudad de Adjuntas, Puerto
Rico ambas——
ante el Notario   Serafín Rosado Santiago y Rafael Muñoz Ramos,
respectivamente————————————————————————————————
Dicha propiedad se encuentra , digo, la finca C se encuentra
afecta a hipotecas por VEINTE MIL DOLARES ($20,000.00)
Y VEINTISEIS MIL QUINIENTOS CINCO DOLARES ($26,550.00)
a favor del Ponce Federal Savings y Autoridad de Fuentes'
Fluviales respectivamente, digo, la segunda hipoteca
es de VEINTISEIS MIL QUINIENTOS CINCUENTA DOLARES——————
($26,550.00), y las fincas A y B se encuentran libres
de cargas y gravámenes.——————————————————————————
————————————————————————————————————————————————
————————————————————————————————————————————————
————————————————————————————————————————————————
————————————————————————————————————————————————

DUODECIMO:  Que comparecen en la presente escritura como——————

Deudores Hipotecarios DON ANGEL SANCHEZ RIVERA Y DOÑA
JUANA M. SEPULVEDA, también conocida como MINERVA——————
SEPULVEDA, mayores de edad, casados entre sí, propieta-—
rios y vecinos de Guayanilla, Puerto Rico.——————————
cuya direccion postal es:  apartado ciento trece, Guayanilla,

Puerto Rico cero cero seiscientos cincuenta y seis———
————————————————————————————————————————————————

DECIMO TERCERO:  El importe del préstamo aquí consignado se

usó ó será usado para fines agrícolas y la construcción y/o

reparación y/o mejoras de las instalaciones físicas en la—————

finca(s) descrita(s).———————— ————————————— ——— ———— ——— ————

DECIMO CUARTO:  El prestatario ocupará personalmente y usará—

cualquier estructura que haya sido construida, mejorada o——————

comprada con el importe del préstamo aquí garantizado y no————

arrendará o usará para otros fines dicha estructura a menos que

el Gobierno lo consienta por escrito.  La violación de esta———

clausula como la violación de cualquiera otro convenio o cláu-

sula aquí contenida ocasionará el vencimiento de la obligación



todo el término hubiese transcurrido y en aptitud el

Gobierno de declarar vencido o pagadero el préstamo y proceder

a la ejecución de la hipoteca.—————————————————— ————

DECIMO QUINTO:  Esta hipoteca se extiende expresamente a toda

construcción o edificación existente en la(s) finca(s) antes——

12

Forma FmHA 427-1PR
10/77

descrita(s) y a toda mejora, construcción o edificación que

se construya en dicha finca(s) durante la vigencia del ------

préstamo hipotecario constituido a favor del Gobierno, veri-

ficada por los actuales dueños deudores o por sus cesionarios

o causahabientes.

DECIMO SEXTO:  El deudor hipotecario por la presente-------

renuncia mancomunada y solidariamente por sí y a nombre de--

sus herederos causahabientes, sucesores o representantes a--

favor del acreedor (Administración de Hogares de -----------

Agricultores), cualquier derecho de Hogar Seguro (Homestead)

que en el presente o en el futuro pudiera tener en la ------

propiedad descrita en el párrafo undédimo y en los edificios

allí enclavados o que en el futuro fueran construídos; -----

renuncia esta permitida a favor de la Administración de ----

Hogares de Agricultores por la Ley Número trece (13) del ---

veintiocho (28) de mayo de mil novecientos sesenta y nueve--

(1969) (31 L.P.R.A. 1851).---------------------------------

DECIMO SEPTIMO: El acreedor y el deudor hipotecario -------

convienen en que cualquier estufa, horno, calentador compra-

do o financiado total o parcialmente con fondos del préstamo

aquí garantizado, se considerará e interpretará como parte--

de la propiedad gravada por esta Hipoteca.------------------

DECIMO OCTAVO:  El préstamo aquí consignado se usará

para la compra de finca y mejoras a la misma.----------

DECIMO NOVENO:  Manifiestan además los comppaarecientes

en esta escritura que por tratarse de un préstamo para

fines agrícolas han acordado en no distribuir la res-

ponsabilidad entre las fincas gravadas y por lo tanto

 responderán por separado solidaria y mancomund-

damente de la deuda, principal, intereses, costas y,

demás créditos garantizados por esta escritura, todo

ello conforme al Artículo ciento setenta de la vigente

Ley Hipotecaria.-------------------------------------------

VIGESIMO:  Toda mejora, construcción o edificación---

13

que se construya en dichas fincas durante la vigencia
antes mencionada deberá ser construida previa autori-
zación por escrito del acreedor hipotecario, conforme
a los reglamentos presentes y aquellos futuros que
se promulgaren de acuerdo a las leyes federales y l-
cales no inconsistentes o incompatibles con las le--
yes presentes que gobiernan estos tipos de préstamos.
VIGESIMO PRIMERO: Los otorgantes aceptan la presente
escritura en la forma redactada por ser conforme a lo
convenido.  Yo, el Notario de todo lo consignado, hí-
cele las advertencias legales pertinentes y bien impues-
tas de ellas; así la otorgan y firman, estampando ade-
más al margen de todos y cada uno de los folios.  Pre-
fiallectura que a todos hice en alta voz y en un sólo
acto de esta escritura porque renunciaron al derecho de
leerla por sí mismos el que les advertí tenían.  Yo,
el Notario de todo lo consignado en este Instrumento
Público, DOY FE.-------------------------------------
---Se aclara que porttratarse de un préstamo de recur-
sos limitados, según indicado en el Pagaré, el Gobierno
puede cambiar el porciento de interés de acuerdo con
los reglamentos de la Administración de Hogares de--
Agricultores, SE REPITE LA FE.----------------------

INICIALES AL MARGEN.--------------------------------
FIRMADO POR:  ANGEL SANCHEZ RIVERA Y MINERVA SEPULVEDA



firmado, signado, sellado y rubricado:  SERAFIN ROSADO SANTIAGO
---------- Se encuentran cancelados los correspondientes sellos
de Rentas Internas e Impuestos Notarial.  Concorda bien y fiel-
mente con la escritura Matriz que bajo el numero indicado obra en
el protocolo de instrumentos publicos de esta notaría a mi cargo, y
y a que me remito.  En fé de ello, y para entregar a LOS ESTADOS UNIDOS
DE AMERICA--------- parte interesada, expido, la presente
copia certificada, que autorizo bajo mi firma, signo, sello y rúbrica
al mismo día, mes y año de su otorgamiento ..................

Abogado-Notario

-14-

EXHIBIT 2A

LEGAL FIRM AND NOTARY OFFICES
SERAFIN ROSADO SANTIAGO, ATTY.
AND
JAIME L. PEREZ, ATTY.
ATTORNIES– NOTARIES
CALLE SANTA ANA #7,
ADJUNTAS, PUERTO RICO
TEL. 829-4130 / 829-4970

NUMBER: 50

VOLUNTARY MORTGAGE DEED

EXECUTED BY

MR. ANGEL SANCHEZ RIVERA AND MRS. MINERVA SEPULVEDA, AKA
JUANA M. SEPULVEDA

TO: THE UNITED STATES OF AMERICA

IN ADJUNTAS, P.R., ON MARCH 2, 1983

[A stamp that reads as follows:]
Filed as entry: 582
Log: 197
Time: 2:13
Date: March 7, 1983
Registry of Utuado

1

**FmHA Form 4217-1 PR**
**10/77**

NUMBER FIFTY

VOLUNTARY MORTGAGE

In Adjuntas Puerto Rico, on March two, nineteen eighty-three,

IN MY PRESENCE

SERAFIN ROSADO SANTIAGO, Attorney and Notary Public for this island, with residence in Adjuntas, Puerto Rico and offices in Adjuntas, Puerto Rico,

THERE NOW APPEAR

The persons named in paragraph TWELFTH of this mortgage, hereinafter called "mortgagor," and whose personal circumstances appear in said paragraph.

I attest to personal acquaintance of the parties, as well as to their age, marital status, profession, and residence.

They attest to full exercise of their civil rights and the free administration of their property, and they have, in my judgment, the necessary legal capacity to execute this document and as such, freely and voluntarily,

THEY DECLARE

FIRST:  That the mortgagor is the owner of the farm or farms described in paragraph ELEVENTH, and of all rights and interests in the same, referred to hereinafter as "the property."

SECOND:   That the property mortgaged herein is subject to the liens specified in paragraph ELEVENTH herein.

THIRD:  That the mortgagor is indebted to the United States of America, acting through the Farmers Home Administration, referred to hereinafter as "mortgagee," in connection with a loan or loans represented by one or more promissory notes or assumption agreements, referred to hereinafter as "the note," whether one or more.  The Government requires additional monthly payments to be made of one twelfth of the taxes, insurance premiums, and other charges on the mortgaged property.

FOURTH:  It is understood that:

(One) The note represents a loan or loans to mortgagor in the principal amount specified herein, granted with the purpose and intention that the mortgagee may at any time

2

surrender the note and insure the payment thereof pursuant to the Act of 1961, consolidating the Farmers Home Administration, or Title Five of The Housing Act of 1949, as amended.

(Two) When payment of the note is guaranteed by the mortgagee, it may be transferred from time to time, and each holder of said note will in turn be considered the insured lender.

(Three) When payment of the note is insured by the mortgagee, the mortgagee will execute and deliver to the insured lender, along with the note, an insurance endorsement fully guaranteeing payment of the principal and interest on said note.

(Four) Whenever payment of the note is insured by the mortgagee, the mortgagee, by agreement with the insured lender, shall determine on the insurance endorsement the portion of the note's interest to be designated as "annual charges."

(Five) As a condition of the insurance of the note's payment, the holder will surrender all rights and remedies against the mortgagor and any others in connection with said loan, as well as any benefit of this mortgage, and will accept in its place the insurance benefits, and in the event that the mortgagor violates any agreement or stipulation contained herein, or in the note, or in any other supplementary agreement, the mortgagee may require the note to be endorsed to himself.

(Six) It is the purpose and intent of this mortgage that, among other things, whenever the note is held by the mortgagee, or in the event the mortgagee should transfer this mortgage without insuring the note, this mortgage shall guarantee payment of the note; but when the note is held by an insured lender, this mortgage shall not guarantee payment of the note, nor shall it form any part of the debt represented thereby, but the note and said debt shall constitute an indemnity mortgage to insure the mortgagee against any loss under its insurance endorsement by reason of any default by the mortgagor.

FIFTH: That, in consideration of said loan and (a) whenever the note is held by the mortgagee, or in the event that the mortgagee should transfer this mortgage without insuring the note's payment, in guarantee of the amount of the note as specified in subparagraph (one) of paragraph NINTH, with interest at the rate stipulated, and to insure prompt payment of said note, and any renewals or extensions thereof, and any agreements contained therein, (b) whenever the note is held by an insured lender guaranteeing the amounts specified in subparagraph (two) of paragraph NINTH, in order to guarantee compliance with the mortgagor's agreement to indemnify and hold harmless the mortgagee against losses under its insurance endorsement by reason of any default by the mortgagor, and (c) in any event and at all times whatsoever, to guarantee the additional amounts specified in subparagraph (three) of paragraph NINTH, and to insure mortgagor's compliance with each and every agreement and stipulation herein, or in any supplementary agreement, mortgagor hereby grants to mortgagee a voluntary mortgage on the property described in paragraph ELEVENTH, together with all rights, interests, easements, inheritances, and appurtenances thereto belonging; all income, credits, profits,

3

revenues; all improvements or personal property thereto attaching, at present or in the future, or which are reasonably necessary for the use thereof; all water, water rights, or shares in said rights; pertaining to the farms, and all payments at any time owing to mortgagor by virtue of the sale, lease, transfer, conveyance, or total or partial expropriation of, or injury to, any part thereof, or to their interests, it being understood that this mortgage will continue in full force and effect until all amounts specified in paragraph NINTH, with interest before and after maturity, until they have been paid in full.  In case of foreclosure, the property will be responsible for the payment of the principal, interest thereon before and after maturity, losses sustained by mortgagee as insurer of the note, taxes, insurance premiums, or any other disbursements or advances by mortgagee, to be paid by mortgagor with interest until all costs and expenses, including fees of mortgagee's attorneys, are paid to mortgagee, along with all extensions and renewals of said obligations, with interest, and all other charges and additional amounts specified in paragraph NINTH.

SIXTH: Mortgagor explicitly agrees to the following:

(One) To pay promptly to the mortgagee any debt herein guaranteed and to indemnify and hold mortgagee harmless against any loss under its insurance for payment of the note by reason of any default by mortgagor.  Whenever the note is held by an insured lender, mortgagor shall continue making payments on the note to mortgagee, as collection agent for the holder.

(Two) To pay the mortgagee an initial fee for inspection and appraisal and any delinquency charges, now or hereafter required by Farmers Home Administration regulations.

(Three) Whenever the note is held by an insured lender, any amount due and unpaid under the terms of the note, less the amount of the annual charge, may be paid by mortgagee to the holder of the note under the terms of the note and of the insurance endorsement referred to in the above paragraph FOURTH, the responsibility of the mortgagor.

Any amount due and unpaid under the terms of the note, whether it is held by mortgagee or by an insured lender, may be credited to the note by mortgagee, and shall thus constitute an advance by mortgagee, the responsibility of mortgagor.

Any advance by mortgagee as described in this subparagraph shall bear interest at the annual rate of TEN AND THREE QUARTERS PERCENT (10.75%), from the date on which payment was due until the date on which mortgagor pays the debt.

(Four) Whether or not the note is insured by mortgagee, any and all amount advanced by mortgagee for insurance premiums, repairs, liens, or other claims for the protection of the mortgaged property, or for taxes or assessments or other similar charges due to mortgagor's failure to pay said charges, shall bear interest at the rate stated in the preceding subparagraph, from the date of the advance until mortgagor pays said advance.

(Five) All advances made by mortgagee as described in this mortgage, with interest, shall be immediately due and payable by mortgagor to mortgagee without need for advance notification in the place designated in the note, and shall be guaranteed by this mortgage. No advance by mortgagee shall relieve mortgagor from breach of his covenant to pay. Such advances, with interest, shall be repaid from the first payments received from mortgagor. In the absence of such advances, all payments verified by mortgagor may be applied to the note or to any other mortgagee debt guaranteed herein, in the order determined by mortgagee.

(Six) To use the amount of the loan indicated in the note solely for purposes authorized by mortgagee.

(Seven) To pay when due all taxes, special assessments, liens, and charges encumbering the property or the rights or interests of mortgagor under the terms of this mortgage.

(Eight) To obtain and maintain insurance against fire and other hazards as required by mortgagee on all existing buildings and property improvements, as well as on all future improvements. The insurance against fire and other hazards will be in the form, in the amount, and on the terms and conditions approved by mortgagee.

(Nine) To keep the property in good condition and to promptly make all necessary repairs in order to preserve the property; he will refrain from any activity, or from allowing any activity, which would result in the deterioration of the property; he will not remove nor demolish any building or improvement on the property; nor will he cut or remove wood from the farm, nor remove nor permit to be removed gravel, sand, oil, gas, coal, or other minerals, without mortgagee's consent, and will promptly carry out the repairs on the property that mortgagee may request from time to time. Mortgagor shall comply with soil conservation practices and farm and home management plans that mortgagee may prescribe from time to time.

(Ten) If this mortgage is granted for a loan to a farm owner as identified in Farmers Home Administration regulations, the mortgagor shall personally manage the property, on his own or through family labor, as a farm and for no other purpose, and shall not lease the farm, nor any part of it, unless mortgagee gives written consent to another method of operation or lease.

(Eleven) To submit information regarding income and expenses and any other information related to the management of the property, in the form and manner the mortgagee may require, and to comply with all laws, ordinances, and regulations affecting the property or its use.

(Twelve) Mortgagee, along with his agents and attorneys, shall at all times have the right to inspect and examine the property for the purpose of ascertaining whether security is deteriorating or being compromised, and if such inspection or examination shall disclose, in mortgagee's judgment, that security is in fact deteriorating or being compromised, this

shall constitute a breach by mortgagor of this mortgage agreement.

(Thirteen) If any other person interferes with or contests mortgagor's rights of possession of the property, mortgagor shall immediately notify mortgagee of such action, and mortgagee may decide to institute the measures necessary to defend his interests, and any costs or expenditures incurred by mortgagee due to said measures will be added to mortgagor's debt, and will be guaranteed by this mortgage as additional credits under the clause regarding advances, expenditures and other payments.

(Fourteen) If at any time while this mortgage remains in effect, mortgagor shall abandon the property or voluntarily return it to mortgagee, mortgagee is hereby authorized and empowered to take possession of the property, to lease and administer it, and to collect the rents, benefits, and income from them, and to apply them first to the costs of collection and administration, and secondly to the payment of the debt described by the note or any other debt to mortgagee herein guaranteed, in the order and manner to be determined by mortgagee.

(Fifteen) At any time that mortgagee determines that mortgagor may be able to obtain a loan from a production credit association, from a Federal Bank or other responsible source, whether cooperative or private, with a rate of interest and terms that are reasonable for loans of similar duration and purposes, then mortgagor, at mortgagee's request, will apply for and accept such a loan in a sufficient amount to pay the note and any other debt guaranteed herein, and to pay for the necessary shares in the cooperative agency with respect to such a loan.

(Sixteen) In the event of default in the discharge of any obligation guaranteed by this mortgage, or if mortgagor, or any other person included herein as a mortgagor, defaults in the payment of any amount, or violates or fails to comply with any clause, condition, stipulation, covenant, or agreement contained herein, or in any supplementary agreement, or if mortgagor dies or is declared incompetent, bankrupt, or insolvent, or makes a transfer for the benefit of creditors, or if the property or any part thereof or interest therein is sold, leased, transferred, conveyed, or encumbered, voluntarily or otherwise, without mortgagee's written consent, then mortgagee is irrevocably authorized and empowered, at his discretion and without notice:  (One) to declare all debt left unpaid under the terms of this note, or any other debt to mortgagee guaranteed herein, immediately due and payable, and to proceed to foreclosure in accordance with the law and the provisions thereof; (Two) to incur and pay reasonable expenses for the repair and maintenance of the property and any expenses or obligations that mortgagor failed to pay as agreed in this mortgage, including taxes, assessments, insurance premiums, and any other expenses or costs for the protection and preservation of the property and of this mortgage, or for violation of any provision of this mortgage; and (Three) to request the protection of the law.

(Seventeen) Mortgagor shall pay, or shall reimburse mortgagee for all necessary expenses for the fulfillment of the covenants and agreements of this mortgage, and of the note and of any supplementary agreement, including the costs of surveying, title search, court

costs, deed recording, and attorneys' fees.

(Eighteen) Without in any way affecting mortgagee's right to require and enforce at any subsequent date the covenants, agreements, or obligations herein set forth, or other similar agreements, and without affecting the liability of any person for payment of the note or any other debt herein guaranteed, and without affecting the lien created upon the property or the priority of said lien, mortgagee is hereby authorized and empowered at any time: (one) to waive the performance of any agreement or obligation contained herein, or in the note, or in any supplementary agreement; (two) to negotiate with mortgagor or to grant to mortgagor any indulgence or forbearance or extension of the time for payment of the note (with the consent of the note's holder when it is held by an insured lender), or for payment of any debt to the mortgagee herein guaranteed; or (three) to execute and deliver partial releases of any part of the mortgaged property described herein, or to grant deferment or postponement of this mortgage to any other lien on the property.

(Nineteen) All rights, title, and interest in or on this mortgage, including but not limited to the power to grant consent, partial releases, subordination, and revocation, shall be vested solely and exclusively in the mortgagee, and no insured lender shall have any right, title, or interest in or on this mortgage and any benefits herein contained.

(Twenty) Default on this mortgage shall constitute default on any other mortgage, loan, or real estate mortgage held or insured by mortgagee, and executed or assumed by mortgagor; and default on any such instrument shall constitute default on this mortgage.

(Twenty-One) All notices to be given under the terms of this mortgage shall be sent by certified mail unless otherwise required by law, and shall be addressed until some other address is designated in a notice provided to that effect, in the case of mortgagee, to Farmers Home Administration, United States Department of Agriculture, San Juan, Puerto Rico; and in the case of mortgagor, to him at his residence address as stated below.

(Twenty-Two) Mortgagor hereby grants to mortgagee the amount of any judgment obtained through forced expropriation for public use of the property or any part thereof, as well as the amount of any judgment for damages to the property. Mortgagee will apply the amount so received to pay costs incurred in collection, and the balance will apply to payment of the note, and any indebtedness to mortgagee guaranteed by this mortgage, and if any amount then remains, will pay such amount to mortgagor.

SEVENTH: That for the purpose of the first sale to be held in case of foreclosure of this mortgage, in accordance with mortgage law, as amended, mortgagor does hereby appraise the mortgaged properties in the amount of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00), of which amount TWENTY THOUSAND DOLLARS ($20,000.00) applies to Farm A, NINE THOUSAND FIVE HUNDRED DOLLARS ($9,500.00) applies to Farm B and FIVE THOUSAND DOLLARS ($5,000.00) applies to Farm C.

7

EIGHTH: Mortgagor hereby waives the requirement of law and agrees to be considered in default with no need for prior notification by mortgagee. This mortgage is subject to the regulations of the Farmers Home Administration now in effect, and to future regulations, not inconsistent with the provisions of this mortgage, as well as to the laws of the United States Congress authorizing and insuring the aforementioned loan.

NINTH: The amounts guaranteed by this mortgage are as follows:
One. Whenever the note referred to in paragraph THIRD of this mortgage is held by mortgagee, or in the event mortgagee should transfer this mortgage without insuring the note: THIRTY-FIVE THOUSAND DOLLARS ($35,000.00), the note's principal, together with interest as stipulated at the annual rate of TEN AND THREE QUARTERS PERCENT (10.75%).

Two. Whenever the note is held by an insured lender:
(A) THIRTY-FIVE THOUSAND DOLLARS ($35,000.00), to compensate mortgagee for advances to the insured lender because of mortgagor's failure to pay the installments as specified in the note, with interest as indicated in paragraph SIXTH, subparagraph three;

(B) FIFTY-TWO THOUSAND FIVE HUNDRED DOLLARS ($52,500.00), to further compensate mortgagee against any losses suffered under its insurance for payment of the note.

Three. In any event and at any time:
(A) FOURTEEN THOUSAND DOLLARS ($14,000.00) for interest upon default;

(B) SEVENO THOUSAND DOLLARS ($7,000.00) for taxes, insurance, and other advances for the preservation and protection of this mortgage, with interest at the rate stipulated in paragraph SIXTH, subparagraph three;

(C) THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00) for court costs, expenses, and attorneys' fees in case of foreclosure;

(D) THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00) for court costs and expenses incurred by mortgagee in proceedings to defend his interests against any other person interfering with or contesting the mortgagor's right of possession of the property, as provided in paragraph SIXTH, subparagraph thirteen.

TENTH: That the note referred to in paragraph THIRD of this mortgage is described as follows:
"Promissory note executed in case number sixty-three dash thirty-five dash five hundred and eighty-two dash forty-six dash nine thousand four hundred and seventy-nine, dated March two, nineteen eighty-three, in the amount of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00) of principal, plus interest on the unpaid balance at the annual rate of TEN AND THREE QUARTERS PERCENT (10.75%), until the principal is paid

entirely according to the terms, installments, conditions, and stipulations contained in the note, and as agreed between the borrower and the Government; except that the final installment of the debt represented herein, if not previously paid, will be due and payable FORTY (40) years from the date of this note.

Said note is executed as evidence of a loan made by the Government to the borrower, pursuant to the law of the US Congress known as "Consolidated Farm and Rural Development Act of 1961," or pursuant to "Title V of the Housing Act of 1949," both as amended, and is subject to present Farmers Home Administration regulations, and to future regulations which are not inconsistent with these laws.   To said note, I, the authorizing Notary, BEAR WITNESS.

ELEVENTH: That the property that is the subject of this deed and for which this voluntary mortgage is furnished, is described as follows:

A. RURAL:  Plot of land located in Barrio Yahuecas, in Adjuntas, Puerto Rico, with an approximate area of TWELVE *CUERDAS*\*, equivalent to four hectares, seventy-one acres and six hundred and forty-eight miliares. Its boundaries are: to the North, with the Bennazar heirs; to the East, with Fernando Orsini; to the South, with the Limani River; and to the West, with the Puerto Rico Reconstruction Administration. It bears a two-story wooden house with a zinc roof, with a concrete balcony on the second floor, measuring twenty-two feet across by thirty-two feet deep. The upper level is used as a residence and the lower level is for storage.

It is recorded on page one hundred and ninety-five, volume one hundred and seventy-five of Adjuntas, farm number two thousand six hundred and twenty-one, sixteenth recording.

B. RURAL: Plot of land located in Barrio Guayabo Dulce, in the municipality of Adjuntas, Puerto Rico, consisting of THREE *CUERDAS*, equivalent to one hectare, seventeen acres, ninety-one centiares and one thousand eight hundred and sixty-eight ten-thousandths of another. Its boundaries are: to the North, with lot number thirteen, Bartolo Ozona and a road; to the South, with lot number fifteen; to the East, with a road separating lands belonging to Miguel Magraner; and to the West, with Bartolo Ozona. This plot is designated as number fourteen in case number C two hundred and fifty-six. On the described plot there is a house built of reinforced concrete, type one two R, twenty feet across by twenty feet deep, with interior wooden divisions, that was built by the Puerto Rico Reconstruction Administration.

This property is recorded on page sixty-two, side two, volume one hundred and thirty-four of Adjuntas, farm number five thousand and fifty-nine, sixth recording.

C. RURAL: Plot of land designated as number one hundred and five in the subdivision plan for the Magas Rural Community, located in Barrio Magas, in the municipality of

[\*Translator's note: A *cuerda* is equivalent to 0.971 acres, 3,930.39 meters squared, and 42,291 squared feet.]

9

Guayanilla, Puerto Rico, with a surface area of ZERO *CUERDAS* AND THREE THOUSAND FOUR HUNDRED AND NINETY-SEVEN TEN-THOUSANDTHS OF ANOTHER, equivalent to THREE HUNDRED AND SEVENTY-FOUR POINT FORTY-ONE METERS SQUARED. Its boundaries are: to the North, with local street number five; to the East, with plot number one hundred and seven of the community; to the West, with plot number one hundred and four of the community; and to the South, with plot number one hundred and six of the community.

It is recorded on page one, volume one hundred and three of Guayanilla, farm number three thousand three hundred and twenty-nine.

The borrower acquired said property from: Farm A, from ELIGIO MUÑOZ LEON and REGINA SANTIAGO, and Farm B, from PEDRO JIMENEZ and MARGARITA MARTI, pursuant to deeds number forty-nine and seventy, respectively, dated March two, nineteen eighty-three and October nine, nineteen seventy-three, respectively, both executed in Adjuntas, Puerto Rico, before the Notary Serafín Rosado Santiago and the Notary Rafael Muñoz Ramos, respectively.

Said property is encumbered by, I mean, Farm C is encumbered by a mortgage for TWENTY THOUSAND DOLLARS ($20,000.00) and TWENTY-SIX THOUSAND FIVE HUNDRED AND FIVE DOLLARS ($26,550.00), to the order of the Ponce Federal Savings and the Spring Water Authority, respectively, I mean, the second mortgage is for TWENTY-SIX THOUSAND FIVE HUNDRED AND FIFTY DOLLARS ($26,550.00); Farms A and B are free of charges and liens.

TWELFTH: The parties appearing in the present deed as Mortgagors are MR.ANGEL SANCHEZ RIVERA and MRS. JUANA M. SEPULVEDA, also known as MINERVA SEPULVEDA, both of legal age, property owners and residents of Guayanilla, Puerto Rico, whose mailing address is Box one hundred and thirteen, Guayanilla, Puerto Rico, zero, zero, six hundred and fifty-six.

THIRTEENTH: The loan amount consigned herein has been or will be used for agricultural purposes and the construction and/or repair and/or improvements of physical facilities on the described property.

FOURTEENTH: The borrower will personally occupy and use any structure that is constructed, improved, or purchased with the proceeds of the loan herein guaranteed, and shall not lease or use said structure for other purposes, unless the Government gives consent in writing.  Violation of this clause, as well as violation of any other agreement or clause contained herein, will cause the debt to become due as if the whole term had elapsed, and the Government may declare the loan due and payable, and may proceed to foreclosure of the mortgage.

FIFTEENTH: This mortgage expressly extends to any constructions or buildings existing on the aforementioned farm, and to all improvements, constructions, or buildings to be constructed on said farm while the Government's mortgage loan is in effect, as verified

by the present owners/debtors or by their trustees or executors.

SIXTEENTH:  Mortgagor hereby waives jointly and severally for himself and on behalf of his heirs, trustees, successors, or representatives, in favor of mortgagee (Farmers Home Administration), any present or future Homestead right that he may have on the property described in paragraph eleven, and in the buildings thereon, or which may be constructed in the future; this waiver being permitted in favor of the Farmers Home Administration by Law Number Thirteen (13) of May twenty-eight (28), nineteen sixty-nine (1969) (31. L.P.R.A. 1851).

SEVENTEENTH: The mortgagor and the mortgagee are agreed that any stove, oven, or heater purchased either totally or partially financed with the proceeds of the loan secured herein, are considered and interpreted as part of the property encumbered by this mortgage.

EIGHTEENTH: The loan proceeds consigned herein were used or shall be used for purchase of the farm and repairs thereon.

NINETEENTH: The parties also state that as this is a loan for agricultural purposes, they have agreed not to distribute the responsibility between the encumbered farms, and thus they shall all be responsible individually, severally and jointly, for the debt, principal, interests, costs and other credits secured by this deed, all of which is in accordance with article one hundred and seventy of the current Mortgage Law.

TWENTIETH: Any improvements, constructions, or buildings that are constructed on said farm during the aforementioned period will require the mortgagee's prior written approval, in accordance with current regulations, as well as future regulations which are consistent with federal and local law, and compatible with current laws governing these types of loans.

TWENTY-FIRST: The parties accept this deed as written, as it conforms to their agreement. I, the Notary herein, have given the parties the pertinent legal warnings, and thus informed they proceed to execute and sign it, also placing their initials in the margin of each and every page of this deed. I read this deed aloud to the parties, as they waived their right to read it themselves, of which right I informed them. I, the Notary, BEAR WITNESS, to everything contained in this public instrument.

Clarification is made that, as this is for a Limited Resources loan, as indicated in the promissory note, the Government may change the interest rate, in accordance with Farmers Home Administration regulations.

I BEAR WITNESS ONCE AGAIN.


SIGNED BY: ANGEL SANCHEZ RIVERA AND MINERVA SEPULVEDA.
INITIALS IN THE MARGIN.

Signed, sealed, stamped and endorsed. SERAFIN ROSADO SANTIAGO. The applicable Sales Tax and Notary Tax seals have been cancelled. This is a true and exact copy of the original deed filed under the number indicated in the protocol of public instruments of this Notary office in my charge and to which I refer. In witness whereof and for delivery to the United States of America, as one of the parties, I issue this certified copy, which I sign, stamp, seal and endorse on the same day, month and year of its execution.
[Signature]
Attorney-Notary
[Seal]

# CERTIFICATE

I hereby certify that the attached Voluntary Mortgage is a true and accurate translation to the best of my knowledge, ability and belief. I am experienced, competent and certified to translate from Spanish into English.

DATED this 17th day of July of 2006.

Nicole Harris
*Federal and State Certified Translator*

WITNESS my hand and official seal hereto affixed this 17th day of July of 2006.

Signature

Print Name: Rosa Capdevielle
Notary Public in and for the State of Washington
My appointment expires: 02/01/2010

| Form FmHA 1965-13<br>(11-84) | Case No. [REDACTED] |  |
|---|---|---|
| **UNITED STATES DEPARTMENT OF AGRICULTURE<br>FARMERS HOME ADMINISTRATION**<br><br>41-01<br><br>**ASSUMPTION AGREEMENT<br>(FARMER PROGRAM LOANS)** | **Type of Loan**<br><br>FARM OWNERSHIP-<br>Recursos Limitados<br>*(Specify)*<br><br>☐Direct    ☒Insured | ☒Eligible Transferee<br>☐Ineligible Transferee<br>☒Transfer for full amount of debt<br>☐Transfer for less than full amount<br>of debt<br>☒Transferor released from personal<br>liability<br>☐Transferor NOT released from<br>personal liability<br>☐ |

THIS AGREEMENT dated --------------SEPTEMBER 4,------------- , 19 86 , between the United States of America,

acting through the Farmers Home Administration (called the "Government"), and  JOSE ANGEL PACHECO QUIÑONES-------------

----------------------------------------------- and  CARMEN MARIA SEPULVEDA CARABALLO-------------

(called the "assuming parties"), whose post office address is  JARDINES DEL CARIBE, Calle 45 T-12, Ponce, PR  00731

---------------------------------------------------------------------------------------------- .

BECAUSE the Government is the holder or insurer of loan(s) evidenced by certain debt instrument(s) executed by the present debtor(s)

ANGEL SANCHEZ RIVERA AND MINERVA SEPULVEDA--------------------------------------------------------

-----------------------Case number [REDACTED] --- , and identified as follows:

### TABLE I

| Instrument | Executed | Principal<br>Amount | Unpaid on Date Hereof | | Int. Rate | Ins. Chg. Rate |
|---|---|---|---|---|---|---|
|  |  |  | Principal | Accrued Interest |  |  |
| Promissory<br>Note | 3-2-83 | $35,000.00 | $35,000.00 | $12,904.83 | 10.75% |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

BECAUSE in connection with such loan(s) the following-described security instrument(s) were taken on property  described  therein

and located in  Adjuntas  County, State of  Puerto Rico  .

### TABLE II

| Instrument | Executed | Office Where Recorded or Filed | Book, Volume, or<br>Document | Page |
|---|---|---|---|---|
| Mortgage<br>Deed | 3-2-83 | Utuado, PR<br>Ponce, PR  Sec. II | Books 134, 175<br>Book 119 | 62, 95<br>50 |
|  |  |  |  |  |
|  |  |  |  |  |

THEREFORE, in consideration of (i) the assumption of indebtedness as herein provided, and (ii) the Government's consent to such assumption and to any accompanying conveyance or transfer of security property to the assuming parties, it is agreed as follows:

*Position 2*

FmHA 1965-13 (11-84)

1.    The assuming parties hereby jointly and severally assume liability for and agree to pay to the order of the Government or to the order of the insured lender through the Government if and when an insured lender is the holder of said debt instrument(s), at the office of the Farmers Home Administration shown below, the amounts, and at the times, specified in the following subparagraph (a) or (b) designated by an X in the appropriate block:

(a)    ☐    THE SUM OF _____ dollars

($_____), plus INTEREST on the UNPAID PRINCIPAL at the rate of _____ PERCENT

(_____ %) PER ANNUM, in _____ installments as follows:

$ _____ on _____ , 19 ___,

and $ _____ thereafter on the _____ of each _____
until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness evidenced

hereby, if not sooner paid, shall be due and PAYABLE _____ ( _____ ) YEARS
from the DATE of this assumption agreement.

(b)    ☒    Of the entire unpaid indebtedness under said debt and security instrument(s), the sum of  ''TREINTA Y CINCO MIL''

- - - - - - - - - - - - - - - - - - - - - - - - - - - dollars ($ 35,000.00 - - - - - - - - - - - - - - - - - - - - -) principal, with interest thereon at the

rate of  CINCO - - - - - - - - - - - - - - - - - - - -  percent per annum from the date hereof, plus  ''DOCE MIL NOVECIENTOS CUATRO
CON - - - - - - - - - - - - - - - - - - - - - - 83/100

dollars ($ 12,904.83 - - - - - - - - - - - - - - - - -) accrued interest as of the date hereof, without interest thereon, which accrued interest
is included to the first installment written below. The principal and interest shall be due and payable as follows:

$ ___500.00__ on __1-1-__ , 19 87   $ _____ on _____ , 19 ___   $ _____ on _____ , 19 ___

$ _1,000.00_ on __1-1-__ , 19 88   $ _____ on _____ , 19 ___   $ _____ on _____ , 19 ___

$ _1,500.00_ on __1-1-__ , 19 89   $ _____ on _____ , 19 ___   $ _____ on _____ , 19 ___

$ _____ on _____ , 19 ___   $ _____ on _____ , 19 ___   $ _____ on _____ , 19 ___

$ _____ on _____ , 19 ___   $ _____ on _____ , 19 ___   $ _____ on _____ , 19 ___

and $ _2,937.00- - - - - - - - - - - - - - - - - - -_ thereafter on January 1st of each year until the indebtedness hereby assumed is paid
except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable on or before,

__September 4,_____ , 19x 2026

2.    Payments shall be applied in accordance with the accounting procedures of the Farmers Home Administration.

3.    If this assumption evidences a limited resource loan, the Government may CHANGE THE RATE OF INTEREST in accordance with the regulations of the Farmers Home Administration, not more often than quarterly by giving the borrower thirty (30) days prior written notice to the borrower's last known address.

4.    The provisions of said debt and security instrument(s) and of any outstanding agreements executed or assumed by the present debtors pertinent thereto, shall except as modified herein, remain in full force and effect, and the assuming parties hereby assume the obligations of and agree to be bound by and to comply with all covenants, agreements and conditions contained in said instrument(s) and agreements, except as modified herein, the same as if they had executed them as of the dates thereof as principal obligors, including any obligation to pay the Government an insurance charge in addition to interest, if and as provided in any such instrument(s). Any provisions of the debt and security instrument(s) which require (a) that the borrower occupy the FmHA financed dwelling, (b) live on and operate the FmHA financed farm or (c) graduate to other sources of credit, will not apply to assumptions by an ineligible transferee.

5.    This agreement shall be subject to present regulations of the Farmers Home Administration and to its future regulations which are not inconsistent with the express provisions hereof.

6.   When the loan(s) hereby assumed is held by an insured lender, prepayments made by the assuming parties may, except for final payment, be retained by the Government and remitted to the holder on an annual installment due date basis or other basis established by Farmers Home Administration regulation. Final payment will be remitted promptly. The effective date of every payment made by the assuming parties shall be the date the payment is made by them. The Government will pay the interest to which the holder is entitled accruing between the effective date of the payment and the date of the Treasury check to the holder.

ASSUMING PARTIES:

JOSE ANGEL PACHECO QUIRONES *(Borrower)*

CARMEN MARIA SEPULVEDA CARABALLO *(Co-Borrower)*

Jardines del Caribe
Calle 45 TT-12
Ponce, PR  00731

UNITED STATES OF AMERICA

JOSE LUIS MALDONADO
CONTY SUPERVISOR
*(Title)*

FARMERS HOME ADMINISTRATION

22 Muñoz Rivera ST.
Adjuntas, PR  00601
*(Office Address)*

EXHIBIT 4



Registro de Utuado

BUFETE Y NOTARIA

# Lic. Serafín Rosado Santiago

## &

## Lic. Jaime L. Pérez

**ABOGADOS - NOTARIOS**

CALLE SANTA ANA # 7   -   TELS. 829-4130 - 829-4970

ADJUNTAS, PUERTO RICO

NUMERO____30____

# ESCRITURA



**DE**

LIQUIDACION DE PRESTAMO HIPOTECARIO, COMPRAVENTA
RECONOCIMIENTO DE OBLIGACION, MODIFICACION DE HIPOTECA, LIBERACION
PARCIAL DE HIPOTECA Y CONSTITUCION DE SEGUNDA
HIPOTECA

## OTORGADA POR

DON ANGEL SANCHEZ RIVERA Y DOÑA

JUANA MINERVA SEPULVEDA ORTIZ C/P JUANA M. SEPULVEDA Y

MINERVA SEPULVEDA

A FAVOR DE_____   DON JOSE ANGEL PACHECO QUIÑONES Y

DOÑA CARMEN MARIA SEPULVEDA CARABALLO

ADJUNTAS, P. R., A___4___DE____SEPTIEMBRE_____DE 19_86_

--------ESCRITURA NUMERO TREINTA--------------------

--------LIQUIDACION DE PRESTAMO HIPOTECARIO,--------
------COMPRAVENTA, RECONOCIMIENTO DE OBLIGACION-------
---MODIFICACION DE HIPOTECA Y LIBERACION PARCIAL----
--------------DE HIPOTECA-------------------
------Y CONSTITUCION DE SEGUNDA HIPOTECA----------
---En la Ciudad de Adjuntas, Estado Libre Asociado---
de Puerto Rico, a los cuatro días del mes de septiem-
bre de mil novecientos ochenta y seis.--------------
-----------------------ANTE MI-----------------------
---JAIME L. PEREZ:  Abogado y Notario Público en el--
Estado Libre Asociado de Puerto Rico, con residencia
y estudio abierto en la Ciudad de Adjuntas, Puerto --
Rico.-----------------------------------------------
--------------------COMPARECEN-----------------------
---DE LA PRIMERA PARTE: COMO VENDEDORES: DON ANGEL-
SANCHEZ RIVERA y su señora esposa DOÑA JUANA MINERVA
SEPULVEDA ORTIZ, también conocida por Juana M.------
Sepúlveda y Minerva Sepúlveda, mayores de edad, pro-
pietarios y vecinos de Guayanilla, Puerto Rico.------
---DE LA SEGUNDA PARTE: COMO COMPRADORES:  DON------
JOSE ANGEL PACHECO QUIÑONES y su señora esposa DOÑA-
CARMEN MARIA SEPULVEDA CARABALLO, mayores de edad,---
casados entre sí, propietarios  y vecinos de Ponce,-
------ Puerto Rico.---------------------------------
---Y DE LA TERCERA PARTE:  COMO ACREEDOR HIPOTECARIO:
LOS ESTADOS UNIDOS DE AMERICA, actuando por conducto
y a través de la Administración de Hogares de Agri--
cultores, a tenor con las disposiciones de las Leyes
del Congreso tituladas "Consolidated Farmer's Home---
Administration Act of 1961" y/o Ley de Hogares del
1949, según han sido enmendadas, con oficinas princi-
pales en Washington, Distrito de Columbia, Estados---
Unidos de América, representado en este acto por DON
JOSE LUIS MALDONADO, mayor de edad, casado, empleado
y vecino de Adjuntas, Puerto Rico, en su carácter de
Supervisor Local de la Administración de Hogares de--

Agricultores, Oficina de Adjuntas, Puerto Rico, cu--

yas facultades para este acto constan de la delega-

ción de poder conferida por el Administrador de la

Administración de Hogares de Agricultores y cuyas---

facultades constan debidamente acreditadas en el Re-

gistro de la Propiedad, denominado de ahora en ade--

lante ACREEDOR HIPOTECARIO.------------------------

---DOY FE del conocimiento personal de los compare--

cientes y sus manifestaciones que juzgo ciertas, la

doy también de su edad, estado civil y vecindad.  Me

aseguran tener y a mi juicio tienen, la capacidad le-

gal para este otorgamiento, y en tal virtud, libre y

voluntariamente:----------------------------------

----------------------EXPONEN----------------------

----------------------PRIMERO----------------------

---Que los vendedores son actualmente dueños de las-

siguientes fincas:---------------------------------

---A:  RUSTICA:  Predio de terreno radicado en el ba-
rrio Yahuecas de Adjuntas, Puerto Rico, con cabida--
de DOCE CUERDAS MAS O MENOS, equivalentes a cuatro--
hectáreas, setenta y una áreas, seiscientas cuarenta
y ocho miliáreas.  Colindando al NORTE, con Sucesión
Bennazar; al ESTE, con Fernando Orsini, por el SUR,-
con Río Limaní; por el OESTE, con la Puerto Rico----
Reconstruction Administration.  Contiene una casa---
de maderas techada de zinc, de dos plantas, con bal-
cón de concreto en la planta alta, que mide veinti--
dós pies de frente por treinta y dos pies de fondo,
la planta alta dedicada a vivienda y la baja a alma--
cén.-----------------------------------------------

---Inscrita al folio ciento noventa y cinco del tomo
setenta y cinco de Adjuntas, finca número dos mil---
seiscientos veintiuna.-----------------------------

---Adquirieron los vendedores la descrita propiedad,
mediante la escritura número cuarenta y nueve, otor-
gada en Adjuntas, Puerto Rico, el día dos de marzo de
mil novecientos ochenta y tres, ante el notario -----
Serafín Rosado Santiago, de don Eligio Muñoz León y
doña Regina Santiago.------------------------------

---B:  RUSTICA:  Parcela de terreno radicada en el--
barrio Guayo Dulce del término municipal de Adjuntas,
Puerto Rico, compuesto de TRES CUERDAS, equivalentes

- 2 -

a una hectárea, diecisiete áreas y noventa y una cen-
tiáreas, y mil ochocientos sesenta y ocho diez milé-
simas de otra, lindantes por el NORTE, con la parcela
número trece, Bartolo Ozona y un camino; por el SUR,
con la parcela número quince; por el ESTE, con un ca-
mino que separa terrenos de Miguel Magraner; por el
OESTE, con Bartolo Ozona.  Esta parcela está marcada
con el número catorce del caso C doscientos cincuenta
y seis.  Dentro de la parcela descrita se encuentra
enclavada una casa de concreto reforzado, tipo uno
dos R, de veinte pies de largo por veinte pies de an-
cho con divisiones interiores de madera, construida
por la Puerto Rico Reconstruction Administration.----

---Inscrita al folio sesenta y dos vuelto del tomo--

ciento treinta y cuatro de Adjuntas, finca número

cinco mil cincuenta y nueve, inscripción séptima.----

---Adquirieron los vendedores la descrita propiedad

por compra a don Pedro Jiménez y doña Margarita Martí

según consta de la escritura número setenta, otorgada

el día diez de octubre de mil novecientos setenta y

tres, en Adjuntas, Puerto Rico, ante el notario-----

Rafael Muñoz Ramos.--------------------------------

---C: RUSTICA:  Parcela marcada con el número ciento
cinco en el plano de parcelación de la comunidad---
Rural Magas del barrio Magas del término municipal
de Guayanilla con una cabida superficial de CERO---
CUERDAS CON TRES MIL CUATROCIENTOS NOVENTA Y SIETE
DIEZMILESIMAS DE OTRA, equivalentes a trescientos se-
tenta y cuatro punto cuarenta y uno metros cuadrados.
En lindes por el NORTE, con la calle número cinco de
la comunidad; por el ESTE, con la parcela número---
ciento siete de la comunidad; por el OESTE, con la--
parcela número ciento cuatro de la comunidad; y por
el SUR, con la parcela número ciento seis de la co-
munidad.--------------------------------------------

---Inscrita al folio cincuenta vuelto del tomo ciento

diecinueve de Guayanilla, finca número tres mil tres-

cientos veintinueve, inscripción cuarta.------------

---Las fincas A, B, y C se halla afecta a hipoteca

por la suma de TREINTA Y CINCO MIL DOLARES ---------

($35,000.00) a favor de los Estados Unidos de Amé--

rica, y en adición al finca "C" se halla afecta a hi-

poteca a favor del Ponce Federal Savings and Loan--

Association of Puerto Rico por VEINTE MIL DOLARES--

($20,000.00) y afecta a hipoteca por la suma de----

VEINTISEIS MIL QUINIENTOS CINCUENTA DOLARES ($26,550.00)

a favor de la Autoridad de las Fuentes Fluviales de





- 3 -

Puerto Rico.----------------------------------------
---La hipoteca que grava las fincas A, B, y C a fa-
vor de los Estados Unidos de América, es por la suma
de TREINTA Y CINCO MIL DOLARES ($35,000.00) con in-
tereses a razón del diez y tres cuartos porciento---
(10.75%) anual, otorgada mediante la escritura nú---
mero cincuenta, el día dos de marzo de mil novecien-
tos ochenta y tres, ante el notario Serafín Rosado--
Santiago.  Esta suma, según convenio de subrogación-
que se ha tenido a la vista para este acto al día de
hoy tiene un balance deudor de CUARENTA Y SIETE MIL
NOVECIENTOS CUATRO DOLARES CON OCHENTA Y TRES CENTA-
VOS ($47,904.83), o sea, TREINTA Y CINCO MIL DOLARES
($35,000.00) de principal y DOCE MIL NOVECIENTOS----
CUATRO DOLARES CON OCHENTA Y TRES CENTAVOS----------
($12,904.83) de intereses.-------------------------
-----------------------SEGUNDO----------------------
---Siguen manifestando los vendedores que con el fin
de transferir las fincas al compradr solicitaron el
consentimiento del acreedor hipotecario, Estados----
Unidos de América, actuando por conducto y a través
del Administrador de la Administración de Hogares de
Agricultores de conformidad con ia ley del Congreso
titula "Consolidated Farmer's Home Administration--
Act of 1961" y el reglamento aprobado al efecto, así
como también solicitaron la liquidación de la deuda
hipotecaria y según liquidación al día cuatro de----
septiembre de mil novecientos ochenta y seis de un--
saldo deudor montante a CUARENTA Y SIETE MIL NOVE---
CIENTOS CUATRO DOLARES CON OCHENTA Y TRES CENTAVOS--
($47,904.83), o sea, TREINTA Y CINCO MIL DOLARES----
($35,000.00) de principal y DOCE MIL NOVECIENTOS ---
CUATRO DOLARES CON OCHENTA Y TRES CENTAVOS----------
($12,904.83) de intereses.-------------------------
--------------------TERCERO--------------------



- 4 -

---------------------------------------------
---------------------------------------------
---------------------------------------------
---------------------------------------------
---------------------------------------------
---------------------------------------------
------------------------TERCERO---------------

---Que sometida a la consideración de la Administra-
ción de Hogares de Agricultores la candidatura de
los compradores don José Angel Pacheco Quiñones y---
doña Carmen María Sepúlveda Caraballo para recibir--
los beneficios de la Ley del Congreso "Consolidated
Farmer's Home Administration Act of 1961" y previo -
los trámites de rigor, fueron aprobados para recibir
dichos beneficios, adquirir la finca y continuar--
con las hipotecas.----------------------------------
------------------------CUARTO----------------------
---Los vendedores por la presente VENDEN, CEDEN, y--
TRASPASAN a los compradores, que adquieren, la finca
descrita bajo la letra "A", con todos sus usos, de--
rechos y servidumbres y sin limitación alguna para--
que éstos gocen como únicos y legítimos dueños.------
-----------------------QUINTO-----------------------
---Se realiza esta enajenación por el convenido y--
ajustado precio de CUARENTA Y SIETE MIL NOVECIENTOS-
CUATRO DOLARES CON OCHENTA Y TRES CENTAVOS----------
($47,904.83), los cuales retiene en su poder los com-
pradores para pagar en su día el remanente de las---
deudas hipotecarias, según liquidación y reajuste al
cuatro septiembre de mil novecientos ochenta y seis
------------------------SEXTO-----------------------
---Los vendedores se obligan a la evicción y sanea--
miento conforme a derecho.--------------------------
------------------------SEPTIMO---------------------
---Los compradores por la presente reconocen y se--



- 5 -

constituyen como únicos y principales pagaderos de--
la deuda hipotecaria que con Estados Unidos de------
América tenían contraída los vendedores y por la pre-
sente se subrogan en todos sus derechos y obligacio-
nes para con Estados Unidos de América, por la suma-
total adeudada, montante según liquidación al cuatro
de septiembre de mil novecientos ochenta y seis, a
CUARENTA Y SIETE MIL NOVECIENTOS CUATRO DOLARES CON
OCHENTA Y TRES CENTAVOS ($47,904.83).---------------
-------------------------OCTAVO---------------------
---Manifiestan los compradores, don José Angel------
Pacheco Quiñones y Doña Carmen María Sepúlveda------
Caraballo, que es de su propio y personal conocimien-
to todas y cada una de las obligaciones, claúsulas,
condiciones y estipulaciones contenidas en el pagaré
antes mencionado así como también contenidas o men-
cionadas en la escritura de hipoteca, y en este acto
en forma clara, solemne y terminante, se obliga a---
cumplir todas y cada una de dichas claúsulas, condi-
ciones, estipulaciones como si ellos hubieren sido--
los otorgantes originales, así como también se obli-
gan y comprometen a acatar las reglas y reglamentos
que gobiernan los préstamos de esta naturaleza con-
cedidos por la Administración de Hogares de Agricul-
tores y/o el Administrador de la Administración de
Hogares de Agricultores y/o el Secretario de Agricul-
tura de Estados Unidos de América, de conformidad --
con lo dispuesto en la ley del Congreso "Consolidated
Farmer's Home Administration Act of 1961" y en su---
consecuencia releva de toda deuda u obligación con-
dicho préstamo, pagaré e hipoteca a don Angel Sánchez
Rivera y Juana Minerva Sepúlveda Ortiz.-------------
-------MODIFICACION DE PAGO DE PAGARE E-------------
------------------HIPOTECA-------------------------
----------------NOVEN ○-----------------------------



---Manifiesta el compareciente, don José Luis-------
Maldonado, en el carácter que ostenta, que habiendo
sido aceptados los adquirentes esposos Don José-----
Angel Pacheco Quiñones y Doña Carmen María Sepúlveda
Caraballo para recibir los beneficios de la ley del
Congreso "Consolidated Farmer's Home Administration
Act of 1961", ha convenido en modificar la forma de
pago de los plazos consignados en el pagaré y en la
hiporeca en la siguiente forma: el importe total---
adeudado al cuatro de septiembre de mil novecientos
ochenta y seis asciende a la suma de CUARENTA Y SIETE
MIL NOVECIENTOS CUATRO DOLARES CON OCHENTA Y TRES---
CENTAVOS ($47,904.83) con intereses a razón del diez
y tres cuartos porciento (10.75%) anual el cual de-
vengará intereses a razón del cinco porciento (5.00%)
anual y el cual habrá de ser pagado en la siguiente
forma: -------------------------------------------
---QUINIENTOS DOLARES ($500.00) en o antes del pri--
mero de enero de mil novecientos ochenta y siete;---
---MIL DOLARES ($1,000.00) en o antes del primero de
enero de mil novecientos ochenta y ocho;------------
---MIL QUINIENTOS DOLARES ($1,500.00) en o antes del
primero de enero de mil novecientos ochenta y nueve;
---DOS MIL NOVECIENTOS TREINTA Y SIETE DOLARES-----
($2,937.00) en o antes de cada enero primero subsi-
guiente, excepto el pago final del total de la deuda
aquí evidenciada se hará en o antes del cuatro de---
septiembre de mil novecientos ochenta y seis, digo,
en o antes del cuatro de septiembre del año dos mil-
veintiséis.----------------------------------------
---------------------- DECIMO----------------------
---El compareciente, don José Luis Maldonado, en el
carácter que ostenta, me entrega a mí, el notario,
el pagaré garantizado con la hipoteca, quien me ase-
gura no ha sido negociado ni gravado en forma-------



- 7 -

alguna por su actual tenedor y poseedor, Estados----
Unidos de América, y una vez identificado por mí, el
notario, cerciorándome que se trata del mismo pagaré
procedo a poner al dorso del mismo la siguiente nota:
"El importe de este pagaré y la hipoteca que lo ga-
rantiza, liquidado al cuatro de septiembre de mil--
novecientos ochenta y seis dio un saldo deudor mon-
tante a CUARENTA Y SIETE MIL NOVECIENTOS CUATRO DO-
LARES CON OCHENTA Y TRES CENTAVOS ($47,904.83) con
intereses a razón del diez y tres cuartos porciento
(10.75%) anual el cual devengará intereses a razón--
del cinco porciento (5.00%) anual y el cual habrá de
ser pagado en la siguiente forma:------------------
---QUINIENTOS DOLARES ($500.00) en o antes del pri-
mero de enero de mil novecientos ochenta y siete;--
MIL DOLARES ($1,000.00) en o antes del primero de--
enero de mil novecientos ochenta y ocho;-----------
---MIL QUINIENTOS DOLARES ($1,500.00) en o antes del
primero de enero de mil novecientos ochenta y nueve;
--DOS MIL NOVECIENTOS TREINTA Y SIETE DOLARES------
($2,937.00) en o antes de cada enero primero subsi-
guiente, excepto el pago final del total de la deuda
aquí evidenciada se hará en o antes del cuatro de--
septiembre del dos mil veintiséis, según resulta----
de la escritura número ---treinta----- de Liquida-
ción de Préstamo Hipotecario, Compraventa, Reconoci-
miento de Obligación, Modificación de Hipoteca y Li-
beración Parcial de Hipoteca ante el notario Jaime-
L. Pérez-------------- . DOY FE. En Adjuntas,-----
Puerto Rico, a cuatro de septiembre de mil novecien-
tos ochenta y seis. (FIRMADO, SIGNADO, RUBRICADO,
Y SELLADO)." NOTARIO PUBLICO----------------------
---Una vez puesta y firmada la nota lo devuelvo al
compareciente, señor José Luis Maldonado, en el ca-
rácter que ostenta.--------------------------------



- 8 -

------------------DECIMO-PRIMERO--------------------

---Por tratarse de un préstamo de recursos limita--

dos, según indicado en el pagaré, el gobierno puede

cambiar el porciento de interés de acuerdo con los--

reglamentos de la Administración de Hogares de Agri-

cultores.-------------------------------------------

------LIBERACION PARCIAL DE HIPOTECA---------------

-----------------DECIMO-SEGUNDO--------------------

---Que habiendo los vendedores, don Angel Sánchez--

Rivera y Doña Juana Minerva Sepúlveda Ortiz, solici-

tado del Acreedor Hipotecario la liberación parcial

de la citada hipoteca en cuanto a la finca descrita an-

teriormente bajo la letra "B" y "C" compuesta de---

tres cuerdas, y cero cuerdas con tres mil cuatro---

cientos noventa y siete diezmilésimas de otra, res-

pectivamente y considerando que el valor de la finca

descrita bajo la letra "A", compuesta de doce cuer-

das es mayor que el monto de la deuda y considerando

que la  deuda está ampliamente garantizada con la--

finca descrita bajo la letra "A", ha convenido en--

cancelar y por la presente CANCELA PARCIALMENTE, la

hipoteca que garantiza el siguiente pagaré de------

TREINTA Y CINCO MIL DOLARES ($35,000.00) en lo que

respecta a la finca descrita bajo las letras "B" y

"C", quedando por consiguiente dichos predios de--

terrenos libre de todo gravamen y quiere y consiente

que esta cancelación parcial sea inscrita en el-----

Registro de la Propiedad para todos los efectos le-

gales y también quedando por consiguiente subsisten-

te en la finca descrita bajo la letra "A", todas y

cada una de las cláusulas, condiciones y estipula-

ciones contenidas en el pagaré original, así como en

la escritura de hipoteca ya mencionada.------------

------------------DECIMO-TERCERO--------------------

---Que para garantizar más aún la deuda Hipotecaria



- 9 -

objeto de la presente escritura, la cual según li--
quidación al cuatro de septiembre de mil novecientos
ochenta y seis y dio un saldo deudor montante a-----
CUARENTA Y SIETE MIL NOVECIENTOS CUATRO DOLARES CON
OCHENTA Y TRES CENTAVOS ($47,904.83), o sea, TREINTA
Y CINCO MIL DOLARES ($35,000.00) de principal y DOCE
MIL NOVECIENTOS CUATRO DOLARES CON OCHENTA Y TRES----
CENTAVOS ($12,904.83) de intereses, los compradores-
don JOSE ANGEL PACHECO QUIÑONES y DOÑA CARMEN MARIA
SEPULVEDA CARABALLO, constituyen:--------------------
----------------SEGUNDA HIPOTECA VOLUNTARIA---------
----------------------DECIMO-CUARTO------------------
---a favor del compareciente Estados Unidos de------
América sobre el inmueble de su propiedad, el cual se
describe a continuación, sin reserva alguna y sobre-
las mejoras o construcciones que en lo sucesivo pu--
dieren verificarse sobre el mismo:------------------
---URBANA:  Solar marcado en el número doce del Blo-
que TT en el plano de inscripción de la Urbanización
Jardines del CAribe, Segunda Etapa, radicada en los
barrios Canas, Quebrada Limón, y Pastillo del término
municipal de Ponce, Puerto Rico, con una cabida super-
ficial de TRESCIENTOS TREINTA Y CINCO METROS CUADRA-
DOS en lindes por el NORTE, en trece punto cuatrocien-
tos metros con el solar número ventitrés del bloque
TT; por el SUR, en trece punto cuatrocientos con la
calle número cuarenta y cinco; por el ESTE, en vein-
ticinco metros con el solar número once del bloque---
TT y por el OESTE, en veinticinco metros con el solar
número trece del bloque TT.-------------------------
---Inscrita al folio diecisiete del tomo quinientos--
sesenta y cuatro de Ponce II, finca número treinta y
ocho mil setecientos catorce, inscripción primera.---
---Adquirieron esta propiedad de doña Carmen María---
Sepúlveda, digo, adquirida de la D.C.I. of Ponce, Inc.
mediante la escritura número trescientos sesenta y --
siete, otorgada en San Juan, Puerto Rico, el día----
treinta y uno de agosto de mil novecientos setenta y
tres ante el notario José M. Cabrera.---------------
---Afecta esta propiedad a hipoteca a favor de la Au-
toridad de Fuentes Fluviales por la suma de ---------



10

VEINTICUATRO MIL CIEN DOLARES ($24,100.00).----------
--------------------DECIMO-QUINTO-------------------
---Esta segunda hipoteca voluntaria se extiende ade-
más a los siguientes créditos adicionales:  DIECI---
NUEVE MIL CIENTO SESENTA Y UN DOLARES CON NOVENTA Y
TRES CENTAVOS ($19,161.93) para intereses de mora;--
NUEVE MIL QUINIENTOS OCHENTA DOLARES CON NOVENTA Y--
SIETE CENTAVOS ($9,580.97) para contribuciones, se--
guros y otros adelantos para la conservación y pro--
tección de esta Segunda Hipoteca Voluntaria; y------
CUATRO MIL SETECIENTOS NOVENTA DOLARES CON CUARENTA
Y OCHO CENTAVOS ($4,790.48) para gastos, costas y ho-
norarios de abogado en caso de reclamación judicial.
--------------------DECIMO-SEXTO-------------------
---Manifiestan además los comparecientes de esta es-
critura, que por tratarse de un préstamo para fines
agrícolas han acordado en no distribuir la responsa-
bilidad entre las fincas gravadas y por lo tanto to-
das responderán por separado solidaria y mancomunada-
mente de la deuda, principal, intereses, costas y---
demás créditos adicionales garantizados por esta---
escritura, todo ello conforme al Artículo ciento se-
tenta de la vigente Ley Hipotecaria.---------------
---------------------DECIMO-SEPTIMO---------------
---Para que sirva de tipo a la primera subasta que--
deba celebrarse en el caso de ejecución de esta se--
gunda hipoteca voluntaria, aquí constituida, los deu-
dores hipotecarios de conformidad con las disposicio-
nes contenidas en el Artículo ciento veintisiete de
la vigente Ley Hipotecaria, por la presente tasan la
finca descrita en el párrafo DECIMO-CUARTO en la --
suma de CUARENTA Y SIETE MIL NOVECIENTOS CUATRO DOLARES
CON OCHENTA Y TRES CENTAVOS ($47,904.83) y para que--
lla cantidad del principal adeudado que esté pendien-
te pago a la fecha en que se inicie la acción.-----



- 11 -

judicial sobre ejecución, con los intereses que se=
adeuden y demás créditos adicionales garantizados por
esta Segunda Hipoteca Voluntaria, la que de ellas re-
sultare más baja.------------------------------------

-------------------DECIMO-OCTAVO--------------------

---Los compradores, don José Angel Pacheco Quiñones y
Doña Carmen María Sepúlveda Caraballo hacen extensiva
a esta Segunda Hipoteca Voluntaria, que en este acto
se constituye todas las claúsulas, condiciones y esti-
pulaciones contenidas o mencionadas en la escritura
de Hipoteca Voluntaria número cincuenta de fecha dos
de marzo de mil novecientos ochenta y tres, otorgada
por don Angel Sánchez Rivera y Doña Juana Minerva----
Sepúlveda Ortiz, también conocida por Juana M.-------
Sepúlveda, ante el notario Serafín Rosado Santiago y
se obliga a cumplir todas y cada una de dichas claú-
sulas, condiciones y estipulaciones en cuanto a la--
constitución de esta segunda hipoteca voluntaria  se-
refiere.--------------------------------------------
---Los otorgantes aceptan la presente escritura en--
la forma redactada por ser conforme a lo convenido,--
Yo, el Notario, de todo lo consignado, hícele las----
advertencias legales pertinentes y bien impuestos de
ellas así la otorgan y firman estampando además las--
iniciales al margen de todoso y cada uno de los------
folios.  Previa lectura que a todos hice en alta voz







y en un solo acto de esta escritura porque renun--
ciaron al derecho de leerla por sí mismos, el que
les advertí tenían.  Yo, el Notario, de todo lo con-
signado en este instrumento público, DOY FE.-------

INICIALES AL MARGEN--------------------------------
FIRMADO POR:  ANGEL SANCHEZ RIVERA, JUANA MINERVA---
SEPULVEDA ORTIZ, JOSE ANGEL PACHECO QUIÑONES, CARMEN
MARIA SEPULVEDA CARABALLO Y JOSE LUIS MALDONADO-----
Firmado, signado, sellado y rubricado: JAIME L. PEREZ
----------Se encuentran cancelados los correspondientes sellos
de Rentas Internas e Impuestos Notarial. Concuerda bien y fiel-
mente con la escritura Matriz que bajo el número indicado obra en
el protocolo de instrumentos públicos de esta notaría a mi cargo, y
y a que me remito.  En fé de ello, y para entregar a JOSE ANGEL
PACHECO QUIÑONES------ parte interesada, expido, la presente
copia certificada, que autorizo bajo mi firma, signo, sello y rúbrica
al mismo día, mes y año de su otorgamiento.........................

Abogado-Notario



- 13 -

EXHIBIT 4A

LEGAL FIRM AND NOTARY OFFICES
SERAFIN ROSADO SANTIAGO, ATTY.
AND
JAIME L. PEREZ, ATTY.
ATTORNIES– NOTARIES
CALLE SANTA ANA #7,
ADJUNTAS, PUERTO RICO
TEL. 829-4130 / 829-4970

NUMBER: 30

DEED OF LIQUIDATION OF MORTGAGE LOAN, SALE, DEBT RECOGNITION,
MORTGAGE MODIFICATION, PARTIAL MORTGAGE RELEASE AND
FURNISHING OF SECOND MORTGAGE

EXECUTED BY

MR. ANGEL SANCHEZ RIVERA AND MRS. JUANA MINERVA SEPULVEDA
ORTIZ, AKA JUANA M. SEPULVEDA AND MINERVA SEPULVEDA

TO: MR. JOSE ANGEL PACHECO QUIÑONES AND MRS. CARMEN MARIA
SEPULVEDA CARABALLO

IN ADJUNTAS, P.R., ON SEPTEMBER 4, 1986

DEED NUMBER THIRTY

LIQUIDATION OF MORTAGE LOAN, SALE, DEBT RECOGNITION, MORTGAGE MODIFICATION, PARTIAL MORTGAGE RELEASE AND FURNISHING OF SECOND MORTGAGE

In the city of Adjuntas, in the Commonwealth of Puerto Rico, on September four, nineteen eighty-six,

IN MY PRESENCE

JAIME L. PEREZ, Attorney and Notary Public for the Commonwealth of Puerto Rico, with residence and offices in the city of Adjuntas, Puerto Rico,

THERE NOW APPEAR

AS THE FIRST PARTY, AS SELLERS: MR. ANGEL SANCHEZ RIVERA  and his wife MRS. JUANA MINERVA SEPULVEDA ORTIZ, also known as JUANA M. SEPULVEDA and as MINERVA SEPULVEDA, both of legal age, property owners and residents of Guayanilla, Puerto Rico;

AS THE SECOND PARTY, AS BUYERS: MR. JOSE ANGEL PACHECO QUIÑONES and his wife MRS. CARMEN MARIA SEPULVEDA CARABALLO, both of legal age, property owners and residents of Ponce, Puerto Rico;

AS THE THIRD PARTY, AS MORTGAGEE: THE UNITED STATES OF AMERICA, acting herein through the Farmers Home Administration, in accordance with the dispositions of the Congress law titled "Consolidated Farmers Home Administration Act of 1961", as amended, with headquarters in Washington, District of Columbia, United States of America, represented herein by MR.JOSE LUIS MALDONADO, who is of legal age, married, employed and a resident of Adjuntas, Puerto Rico, in his capacity as County Supervisor of the Adjuntas, Puerto Rico office of the Farmers Home Administration, whose authority for the execution of this deed arises from the power of attorney conferred by the Farmers Home Administration, and whose credentials appear duly recorded in the Property Registry; referred to hereinafter as the MORTGAGEE..

I BEAR WITNESS to my personal acquaintance of the parties and to their statements, which I deem to be true, regarding their ages, marital status, professions and places of residence. They assure me that they have and, in my judgment they do have, the necessary legal capacity to execute this deed and thus, freely and voluntarily,

THEY DECLARE

FIRST: That the SELLERS are the current owners of the following farms:

A. RURAL:  Plot of land located in Barrio Yahuecas, in Adjuntas, Puerto Rico, with an

approximate area of TWELVE *CUERDAS**, equivalent to four hectares, seventy-one acres and six hundred and forty-eight miliares. Its boundaries are: to the North, with the Bennazar heirs; to the East, with Fernando Orsini; to the South, with the Limani River; and to the West, with the Puerto Rico Reconstruction Administration. It bears a two-story wooden house with a zinc roof, with a concrete balcony on the second floor, measuring twenty-two feet across by thirty-two feet deep. The upper level is used as a residence and the lower level is for storage.

It is recorded on page one hundred and ninety-five, volume seventy-five of Adjuntas, farm number two thousand six hundred and twenty-one.

The SELLERS acquired said property from MR. ELIGIO MUÑOZ LEON and MRS. REGINA SANTIAGO, pursuant to deed number forty-nine, executed in Adjuntas, Puerto Rico, on March two, nineteen eighty-three, before the Notary Serafín Rosado Santiago.

B. RURAL: Plot of land located in Barrio Guayabo Dulce, in the municipality of Adjuntas, Puerto Rico, consisting of THREE *CUERDAS*, equivalent to one hectare, seventeen acres, ninety-one centiares and one thousand eight hundred and sixty-eight ten-thousandths of another. Its boundaries are: to the North, with lot number thirteen, Bartolo Ozona and a road; to the South, with lot number fifteen; to the East, with a road separating lands belonging to Miguel Magraner; and to the West, with Bartolo Ozona. This plot is designated as number fourteen in case number C two hundred and fifty-six. On the described plot there is a house built of reinforced concrete, type one two R, twenty feet across by twenty feet deep, with interior wooden divisions, that was built by the Puerto Rico Reconstruction Administration.

It is recorded on page sixty-two, side two, volume one hundred and thirty-four of Adjuntas, farm number five thousand and fifty-nine, seventh recording.

The SELLERS acquired said property through purchase from MR. PEDRO JIMENEZ and MRS. MARGARITA MARTI, pursuant to deed number seventy, executed in Adjuntas, Puerto Rico, on October ten, nineteen seventy-three, before the Notary Rafael Muñoz Ramos.

C. RURAL: Plot of land designated as number one hundred and five in the subdivision plan for the Magas Rural Community, located in Barrio Magas, in the municipality of Guayanilla, Puerto Rico, with a surface area of ZERO *CUERDAS* AND THREE THOUSAND FOUR HUNDRED AND NINETY-SEVEN TEN-THOUSANDTHS OF ANOTHER, equivalent to THREE HUNDRED AND SEVENTY-FOUR POINT FORTY-ONE METERS SQUARED. Its boundaries are: to the North, with local street number five; to the East, with plot number one hundred and seven of the community; to the West, with plot number one hundred and four of the community; and to the South, with plot number one hundred and six of the community.

[*Translator's note: A *cuerda* is equivalent to 0.971 acres, 3,930.39 meters squared, and 42,291 squared feet.]

3

It is recorded on page fifty, side two, volume one hundred and nineteen of Guayanilla, farm number three thousand three hundred and twenty-nine, fourth recording.

Farms A, B and C are encumbered by a mortgage in the amount of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00) to the order of the United States of America. In addition, farm C is encumbered by a mortgage to the order of the Ponce Federal Savings and Loan Association, in the amount of TWENTY THOUSAND DOLLARS ($20,000.00) and is encumbered by a mortgage in the amount of TWENTY-SIX THOUSAND FIVE HUNDRED AND FIFTY DOLLARS ($26,550.00) to the order of the Spring Water Authority of Puerto Rico.

The mortgage encumbering farms A, B and C to the order of the United States of America is in the amount of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00), with interest at the rate of TEN AND THREE QUARTERS PERCENT (10.75%) per annum, executed pursuant to deed number fifty, on March two, nineteen eighty-three, before the Notary Serafin Rosado Santiago. This amount, pursuant to the assumption agreement that I have had before me during these present proceedings, has a current balance of FORTY-SEVEN THOUSAND NINE HUNDRED AND FOUR DOLLARS AND EIGHTY-THREE CENTS ($47,904.83), that is, THIRTY-FIVE THOUSAND DOLLARS ($35,000.00) of principal plus TWELVE THOUSAND NINE HUNDRED AND FOUR DOLLARS AND EIGHTY-THREE CENTS ($12,904.83) of interest.

SECOND: The SELLERS state that, in order to transfer the farms to the BUYERS, they requested and obtained the authorization of the mortgagee, the United States of America, acting through the Administrator of the Farmers Home Administration, in accordance with the Congress titled "Consolidated Farmers Home Administration Act of 1961" and regulations approved therein. They also sought liquidation of the mortgage debt and, pursuant to liquidation on September four, nineteen eighty-six, for a balance of FORTY-SEVEN THOUSAND NINE HUNDRED AND FOUR DOLLARS AND EIGHTY-THREE CENTS ($47,904.83), that is, THIRTY-FIVE THOUSAND DOLLARS ($35,000.00) of principal plus TWELVE THOUSAND NINE HUNDRED AND FOUR DOLLARS AND EIGHTY-THREE CENTS ($12,904.83) of interest.

THIRD: That the BUYERS, MR. JOSE ANGEL PACHECO QUIÑONES and MRS. CARMEN MARIA SEPULVEDA CARABALLO, submitted their candidacy for consideration by the Farmers Home Administration for the receipt of benefits from the Congress law titled "Consolidated Farmers Home Administration Act of 1961"and, after the necessary processing, they qualified to receive said benefits, acquire the farm and maintain the mortgages.

FOURTH: The SELLERS hereby SELL, CEDE AND TRANSFER the farm described under letter A, to the BUYERS who thus acquire the property along with all its uses, rights and easements, and without any kind of limitation, such that they may enjoy it as the sole and legal owners.

SIXTH: This transfer is carried out at the convened and adjusted price of FORTY-

4

SEVEN THOUSAND NINE HUNDRED AND FOUR DOLLARS AND EIGHTY-THREE CENTS ($47,904.83), which amount the BUYERS retain in order to satisfy, when due, the balance of the mortgage debts, pursuant to liquidation and readjustment on September four, nineteen eighty-six.

SIXTH: The SELLERS are responsible for eviction and cleaning, in accordance with the law.

SEVENTH: The BUYERS herein become and acknowledge themselves as the sole and principal payers of the mortgage debt contracted by the SELLERS with the United States of America, and they herein subrogate all their rights and obligations to the United States of America for the total amount of the debt, which, upon liquidation on September four, nineteen eighty-six, amounts to FORTY-SEVEN THOUSAND NINE HUNDRED AND FOUR DOLLARS AND EIGHTY-THREE CENTS ($47,904.83).

EIGHTH: The BUYERS, MR. JOSE ANGEL PACHECO QUIÑONES and MRS. CARMEN MARIA SEPULVEDA CARABALLO, state that they are personally aware of each and every one of the obligations, clauses, conditions and stipulations contained in the aforementioned promissory note as well as those contained or mentioned in the mortgage deed, and they hereby, clearly, solemnly and absolutely agree to fulfill each and every one of said obligations, clauses and stipulations, as if they were the original executors. They also agree to uphold the rules and regulations that govern these types of loan granted by the Farmers Home Administration and/or the Administrator of the Farmers Home Administration and/or the Secretary of Agriculture of the United States of America, in conformance with the dispositions of the Congress law "Consolidated Farmers Home Administration Act of 1961"and as a result, they release MR. ANGEL SANCHEZ RIVERA and MRS. JUANA MINERVA SEPULVEDA ORTIZ  from all obligations or debts pertaining to said loan, promissory note and mortgage.

MODIFICATION OF PAYMENT OF
PROMISSORY NOTE AND MORTGAGE

NINTH: The appearing party, MR. JOSE LUIS MALDONADO, in the capacity he bears, states that, as the BUYERS, MR. JOSE ANGEL PACHECO QUIÑONES and MRS. CARMEN MARIA SEPULVEDA CARABALLO, have qualified to receive benefits from the Congress law "Consolidated Farmers Home Administration Act of 1961", he has agreed to modify the form of payment of the installments set forth in the promissory note and in the mortgage as follows:
The entire amount owed on September four, nineteen eighty-six, amounts to FORTY-SEVEN THOUSAND NINE HUNDRED AND FOUR DOLLARS AND EIGHTY-THREE CENTS ($47,904.83), with interest at the rate of TEN AND THREE QUARTERS PERCENT (10.75%) per annum, which shall accrue interest at the rate of FIVE PERCENT (5%) per annum and shall be paid as follows:
FIVE HUNDRED DOLLARS ($500.00) on or before January first, nineteen eighty-seven; ONE THOUSAND DOLLARS ($1,000.00) on or before January first, nineteen

eighty-eight; ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500.00) on or before January first, nineteen eighty-nine; and TWO THOUSAND NINE HUNDRED AND THIRTY-SEVEN DOLLARS ($2,937.00) on or before every January first subsequently thereafter, except for the final payment of the debt evidenced herein, which shall be due and payable on or before September four, two thousand and twenty-six.

TENTH: The appearing party, MR. JOSE LUIS MALDONADO, in the capacity he bears, gives me, the Notary, the promissory note secured by the mortgage and assures me it has not been negotiated or encumbered in any way by the current owner and holder, the United States of America, and once it has been identified by me, the Notary, and I have ascertained that it is the same promissory note, I proceed to attach to the back of said promissory note the following note:

"The amount of this promissory note and the mortgage securing it, liquidated on September four, nineteen eighty-six, had an unpaid balance of FORTY-SEVEN THOUSAND NINE HUNDRED AND FOUR DOLLARS AND EIGHTY-THREE CENTS ($47,904.83), with interest at the rate of TEN AND THREE QUARTERS PERCENT (10.75%) per annum, which shall accrue interest at the rate of FIVE PERCENT (5%) per annum and shall be paid as follows:
FIVE HUNDRED DOLLARS ($500.00) on or before January first, nineteen eighty-seven; ONE THOUSAND DOLLARS ($1,000.00) on or before January first, nineteen eighty-eight; ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500.00) on or before January first, nineteen eighty-nine; and TWO THOUSAND NINE HUNDRED AND THIRTY-SEVEN DOLLARS ($2,937.00) on or before every January first subsequently thereafter, except for the final payment of the debt evidenced herein, which shall be due and payable on or before September four, two thousand and twenty-six, pursuant to Deed of Liquidation of Mortgage Loan, Sale, Debt Recognition, Mortgage Loan Modification, Partial Mortgage Release number thirty, executed before the Notary Jaime L. Pérez. I BEAR WITNESS. In Adjuntas, Puerto Rico, on September four, nineteen eighty-six. SIGNED, STAMPED, SEALED AND ENDORSED. NOTARY PUBLIC."

Once the note is signed and attached, I return it to the appearing party, MR. JOSE LUIS MALDONADO, in the capacity he bears.

ELEVENTH: As this is for a Limited Resources loan, as indicated in the promissory note, the Government may change the interest rate, in accordance with Farmers Home Administration regulations.

PARTIAL MORTGAGE RELEASE

TWELFTH: That, as the SELLERS, MR. ANGEL SANCHEZ RIVERA and MRS. JUANA MINERVA SEPULVEDA ORTIZ, requested the mortgagee to partially release the farm *[sic]* described above under letter B and C, measuring THREE *CUERDAS*, and ZERO *CUERDAS* AND THREE THOUSAND FOUR HUNDRED AND NINETY-SEVEN TEN-THOUSANDTHS OF ANOTHER, respectively, from the aforementioned mortgage and, taking into consideration that the farm described under letter A, measuring

TWELVE *CUERDAS*, has a value greater than the debt amount, and taking into consideration that the debt is extensively guaranteed by the farm described as letter A, he has agreed to cancel, and does hereby PARTIALLY CANCEL the mortgage securing the following promissory note for THIRTY-FIVE THOUSAND DOLLARS ($35,000.00) with respect to farms B and C. Thus said properties are free from all charges and liens, and he does request and agree that this partial release be registered in the Property Registry for all legal purposes. In addition, every clause, condition and stipulation contained in the original promissory note and in the aforementioned mortgage shall remain in effect for farm A.

THIRTEENTH: In order to further guarantee the mortgage debt that is the subject of this deed which, upon liquidation on September four, nineteen eighty-six, had an unpaid balance of FORTY-SEVEN THOUSAND NINE HUNDRED AND FOUR DOLLARS AND EIGHTY-THREE CENTS ($47,904.83), that is, THIRTY-FIVE THOUSAND DOLLARS ($35,000.00) of principal plus TWELVE THOUSAND NINE HUNDRED AND FOUR DOLLARS AND EIGHTY-THREE CENTS ($12,904.83) of interest, the BUYERS, MR. JOSE ANGEL PACHECO QUIÑONES and MRS. CARMEN MARIA SEPULVEDA CARABALLO, furnish the following:

SECOND VOLUNTARY MORTGAGE

FOURTEENTH: To the order of the United States of America, for their property, to be described below, without any limitation whatsoever and for any improvements or construction that might be verified thereon:

URBAN: Lot designated as number twelve in the TT Block of the registration plan for the Jardines del Caribe Urbanization, Phase Two, located in Barrios Cañas, Quebrada Limón and Pastillo, in the municipality of Ponce, Puerto Rico, with a surface area of THREE HUNDRED AND THIRTY-FIVE METERS SQUARED. Its boundaries are: to the North, thirteen point four meters with lot number twenty-three of the TT Block; to the South, thirteen point four meters with street number forty-five; to the East, twenty-five meters with lot number eleven of the TT Block; and to the West, twenty-five meters with lot number thirteen of the TT Block.

It is recorded on page seventeen, volume five hundred and sixty-four of Ponce, Section II, farm number thirty-eight thousand seven hundred and fourteen, first recording.

They acquired this property from MRS. CARMEN MARIA SEPULVEDA, I mean, from the D.C.I. of Ponce, Inc., pursuant to deed number three hundred and sixty-seven, executed in San Juan, Puerto Rico, on August thirty-one, nineteen seventy-three, before the Notary José M. Cabrera.

This property is encumbered by a mortgage to the Spring Water Authority in the amount of TWENTY-FOUR THOUSAND ONE HUNDRED DOLLARS ($24,100.00).

FIFTEENTH: This second voluntary mortgage extends to include the following

additional credits: NINETEEN THOUSAND ONE HUNDRED AND SIXTY-ONE DOLLARS AND NINETY-THREE CENTS ($19,161.93) for interests upon default; NINE THOUSAND FIVE HUNDRED AND EIGHTY DOLLARS AND NINETY-SEVEN CENTS ($9,580.97) for taxes, insurance and other payments made to preserve and protect this second voluntary mortgage; and FOUR THOUSAND SEVEN HUNDRED AND NINETY DOLLARS AND FORTY-EIGHT CENTS ($4,790.48) for expenses, costs and attorney fees in case of legal action.

SIXTEENTH: The parties also state that, as this involves a loan for agricultural purposes, they have agreed not to distribute the liability between the encumbered farms and thus the farms will be individually, jointly and severally liable for the debt, principal, costs and other credits guaranteed by this deed, all of which is in accordance with article one hundred and seventy of the current mortgage law.

SEVENTEENTH: For the purposes of the first sale to be transacted in case of foreclosure of this second voluntary mortgage, the mortgagors, in accordance with the dispositions of article one hundred and twenty-seven of the current mortgage law, do hereby appraise the farm described in the FOURTEENTH paragraph, in the amount of FORTY-SEVEN THOUSAND NINE HUNDRED AND FOUR  DOLLARS AND EIGHTY-THREE CENTS ($47,904.83), and/or that amount of the unpaid principal which is due on the date of the legal claim for foreclosure, along with interest owed and other additional credits guaranteed by the second voluntary mortgage, whichever is the lesser amount.

EIGHTEENTH: The BUYERS, MR. JOSE ANGEL PACHECO QUIÑONES and MRS. CARMEN MARIA SEPULVEDA CARABALLO, make this second voluntary mortgage extensive, constituting pursuant to this deed all the clauses, conditions and stipulations contained or mentioned in the voluntary mortgage deed number fifty-two, furnished on March two, nineteen eighty-three, executed by MR. ANGEL SANCHEZ RIVERA and MRS. JUANA MINERVA SEPULVEDA ORTIZ, before the Notary Serafin Rosado Santiago, and they agree to comply with each and every one of said clauses, conditions and stipulations, with respect to furnishing of this second voluntary mortgage.

The parties hereby accept this deed as written, as it conforms to their agreement. I, the Notary, have given them the pertinent legal warnings and thus informed, they execute and sign it, also placing their initials in the margin of each and every page, after I read this deed aloud to them, in one sitting, as they waived their right to read it themselves, of which I informed them. I, the Notary, BEAR WITNESS to everything contained in this public instrument.


INITIALS IN THE MARGIN.

SIGNED BY: ANGEL SANCHEZ RIVERA, JUANA MINERVA SEPULVEDA ORTIZ, JOSE ANGEL PACHECO QUIÑONES, CARMEN MARIA SEPULVEDA CARABALLO AND JOSE LUIS MALDONADO.

SIGNED, STAMPED, SEALED AND ENDORSED: JAIME L. PEREZ.
The applicable Sales Tax and Notary Tax seals are cancelled. This is a true and exact copy of the original filed under the indicated number in the protocol of public deeds of this Notary office under my charge, and to which I refer. Attesting to which and for delivery to JOSE ANGEL PACHECO QUIÑONES, one of the parties concerned, I issue this certified copy, which I authorize with my signature, stamp, seal and endorsement, on the same day, in the same month and year of its execution.
[Signature]
ATTORNEY-NOTARY
[Seal]

# **CERTIFICATE**

I hereby certify that the attached Deed of Liquidation of Mortgage Loan, Sale, Debt Recognition, Mortgage Loan Modification and Partial Mortgage Release is a true and accurate translation to the best of my knowledge, ability and belief. I am experienced, competent and certified to translate from Spanish into English.

DATED this 17th day of July of 2006.

[Signature]

Nicole Harris
*Federal and State Certified Translator*

WITNESS my hand and official seal hereto affixed this 17th day of July of 2006.

[Signature] Signature

Print Name: Rosa Capdevielle
Notary Public in and for the State of Washington
My appointment expires: 02/01/2010

9

Recorded where indicated in the margin notes of each of the farms.
Farm #2621, on page 196, volume 244, Adj., encumbered by a mort. of $35,000.00 to the U.S.A.
Farm #5059, on page 62, volume 134, Adj., first recording. Free of charges.
Utuado, October 9, 1986
Fees: $144.50
No. 2 [illegible]
[Signature]
Property Recorder
[Seal]

Notified of the facts included in the notice filed as entry number 762.
Ut., P.R., Sep. 30, 1986


5/4/88
[Signature]


# **CERTIFICATE**

      I hereby certify that the attached document is a true and accurate translation to the best of my knowledge, ability and belief. I am experienced, competent and certified to translate from Spanish into English.

DATED this 17th day of July of 2006.

                Nicole Harris
        *Federal and State Certified Translator*

WITNESS my hand and official seal hereto affixed this 17th day of July of 2006.

                Signature

Print Name: Rosa Capdevielle
Notary Public in and for the State of Washington
My appointment expires: 02/01/2010

1

Inscrito este documento donde
se indican los notas marginales
de cada uno de los fincas.
Fca # 3031 al folio 196, tomo
344 a), afecto a hip por
$35,000.00 a favor de C.U.A.
fca=5059, al folio 63, tomo 134 a).
ing 1ª. Libre de cargo.
Utuado a 8 Octubre 1986.
Dro. $144.50 no Arncel

Reps Rodor ....

A8798797

A8798797
UTUADO

Notificado hoy por los fundamentos in-
cluidos en la ro........: legajada bajo
el número 762
UK, P. R. 30 de Sept de 86

5/4/8

# TITLE SEARCH

**CLIENT: JOSÉ A. PACHECO QUIÑONES**                    **REF: 1521.202**
                                                        **BY: TAIMARY ESCALONA**

**PROPERTY NUMBER:** 11,519 (before 38,714), recorded at page 15 of volume 564 of Ponce, Registry of the Property of Puerto Rico, section II of Ponce.

**DESCRIPTION: (As it is recorded in the Spanish language)**

**URBANA:** Solar marcado con el número doce del bloque "TT" en el plano de inscripción de la Urbanización Jardines del Caribe, Segunda Etapa, radicada en los Barrios Canas, Quebrada Limón y Pastillo del término municipal de Ponce, Puerto Rico, con una cabida superficial de **trescientos treinticinco metros cuadrados**, en lindes por el **NORTE**, en trece punto cuatrocientos metros con el solar número veintitrés del bloque TT; por el **SUR**, en trece punto cuatrocientos metros con la calle número cuarenticinco; por el **ESTE**, en veinticinco metros con el solar número once del bloque TT; y por el **OESTE**, en veinticinco metros con el solar número trece del bloque TT. Sobre este solar se ha construido una casa de concreto armado para ser utilizada como residencia familiar.

**ORIGIN:**
It is segregated from property number 36,060, recorded at page 122, volume 1279 of Ponce.

**TITLE:**

This property is registered in favor of JOSÉ ANGEL PACHECO QUIÑONES and his wife CARMEN MARÍA SEPÚLVEDA CARABALLO, who acquired it by purchase from D.C.I. of Ponce, Inc., at a price of $24,550.00, pursuant to deed #494, executed in Ponce, Puerto Rico, on August 31, 1973, before Luis E. López Correa Notary Public, recorded at page 15 of volume 564 of Ponce, property number 11,519, 1st inscription.

**LIENS AND ENCUMBRANCES:**

I.   By reason of its origin this property is encumbered by the following:

      (5) Easements in favor of Autoridad de Fuentes Fluviales
      (2) Easements in favor of Autoridad de Acueductos y Alcantarillados
      (2) Easements in favor of Puerto Rico Telephone Company
      Easement in favor of Commonwealth of Puerto Rico
      Easement in favor of Municipality of Ponce
      Restrictive conditions

II.  By reason of itself this property is encumbered by the following:

1.   **MORTGAGE:** Constituted by José Angel Pacheco Quiñones and his wife Carmen María Sepúlveda Caraballo, in favor of Autoridad de Fuentes Fluviales de Puerto Rico, in the original principal amount of $24,100.00, with 5⅛% annual interests, due on October 1, 2003, constituted by deed #367, executed in San Juan, Puerto Rico, on August 31, 1973, before José M. Cabrera Deetjen Notary Public, recorded at page 15 of volume 564 of Ponce, property number 11,519, 1st inscription.

2.   **MORTGAGE:** Constituted by José Angel Pacheco Quiñones and his wife Carmen María Sepúlveda Caraballo, over this property and others, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $35,000.00, does not express interests, and due date, constituted by deed #30, executed in Adjuntas, Puerto Rico, on September 4, 1986, before Jaime L. Pérez Notary Public, recorded at overleaf of page 17 of volume 564 of Ponce, property number 11,519, 2nd and last inscription.

      Does not express the responsibility of this property of the mortgage, for being farms for agricultural purposes.



ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.



Eagle Title & Other Services, Inc.

**PAGE #2**
**PROPERTY #11,519**

**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to October 11, 2019.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed properties and with the documents presented and pending registration were digitized. Since April 25, 2018, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of title search and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may result in this title search due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

**EAGLE TITLE AND OTHER SERVICES, INC.**

*Authorized signature*

mcr/mv/**F**

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

    1. That my name and personal circumstances are the above mentioned.

    2. That on October 11, 2019, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

    3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this ___10___ day of ___September___ of 2019. 2020

                                Elías Díaz Bermúdez

AFFIDAVIT NUMBER 4380 .

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this 10 day of September of 2019.



NOTARY PUBLIC

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

# TITLE SEARCH

**ESTUDIOS DE TITULO**
**SEGUROS DE TITULO**

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748-1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

**CLIENT:** JOSÉ ANGEL PACHECO QUIÑONEZ      **REF:** 1521.202

                                       **BY:** TAIMARY ESCALONA

**PROPERTY NUMBER:** 2,621, recorded at page 32 of volume 163 of Adjuntas, Registry of the Property of Utuado, Puerto Rico.

**DESCRIPTION: (As it is recorded in the Spanish language)**

**A: RÚSTICA:** Predio de terreno radicado en el barrio Yahuecas de Adjuntas, Puerto Rico, con cabida de **doce cuerdas más o menos, equivalentes a cuatro hectáreas, setenta y una áreas, seiscientas cuarenta y ocho miliáreas.** Colindando al **NORTE**, con Sucesión Bennazar; al **ESTE**, con Fernando Orisini; por el **SUR**, con Río Limani; por el **OESTE**, con la Puerto Rico Reconstruction Administration.

Contiene una casa de maderas techada de zinc, de dos plantas, con balcón de concreto en la planta alta, que mide veintidós pies de frente por treinta y dos pies de fondo, la planta alta dedicada a vivienda y la baja de almacén.

**TITLE:**

This property is registered in favor of JOSÉ ANGEL PACHECO QUIÑONEZ and his wife CARMEN MARÍA SEPÚLVEDA CARABALLO, who acquired it by purchase from Angel Sánchez Rivera and his wife Juana Minerva Sepúlveda Ortiz, at a price of $47,904.84, pursuant to deed #30, executed in Adjuntas, Puerto Rico, on September 4, 1986, before Jaime S. Pérez Notary Public, recorded at page 196 of volume 175 of Adjuntas, property number 2,621, 19th inscription.

**LIENS AND ENCUMBRANCES:**

I. By reason of its origin this property is free of liens and encumbrances

II. By reason of itself this property is encumbered by the following:

1. **MORTGAGE:** Constituted by Angel Sánchez Rivera and his wife Juana Minerva Sepúlveda Ortiz, over this and other properties, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $35,000.00, with 10.75% annual interests, due on 40 years, constituted by deed #50, executed in Adjuntas, Puerto Rico, on March 2, 1983, before Serafín Rosado Santiago Notary Public, recorded at page 195 of volume 175 of Adjuntas, property number 2,621, 18th inscription.

   Responding each property solidary of the principal of mortgage.

2. Reamortized and modified the mortgage of 18th inscription as follows: The amount due at September 4, 1986, amounts to $47,904.83, with 5% annual interests, due on September 4, 2026, pursuant to deed #30, executed in Adjuntas, Puerto Rico, on September 4, 1986, before Jaime S. Pérez Notary Public, recorded at page 196 of volume 175 of Adjuntas, property number 2,621, 19th inscription.



PAGE #2
PROPERTY #2,621

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

REVIEWED:

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to October 25, 2019.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed properties and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of title search and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may result in this title search due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

**EAGLE TITLE AND OTHER SERVICES, INC.**



*Authorized signature*

mcr/dm/**F**

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on October 25, 2019, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this __10__ day of __September__ of 2019.

Elías Díaz Bermúdez

AFFIDAVIT NUMBER __4279__.

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this __10__ day of __September__ of ~~2019~~ 2020.



NOTARY PUBLIC

Exhibit 7

# UNITED STATES DEPARTMENT OF AGRICULTURE
# FARM SERVICE AGENCY

654 Muñoz Rivera Avenue
654 Plaza Suite #829
San Juan, PR 00918

Borrower:     Pacheco Quinones, Jose A.              Case No:     63-035-7874

## *CERTIFICATION OF INDEBTEDNESS*

I, Carlos J. Morales, of legal age, single, a resident of San Juan, Puerto Rico, in my official capacity as Loan Resolution Task Force Contractor of the *Farm Service Agency*, United States Department of Agriculture (USDA), state that:

- The borrower's indebtedness is as shown in the following Statement of Account, according to information obtained from all available records at the USDA-Farm Service Agency:

*Statement of Account as of*        *September 9, 2020*

| Loan Number | 41-01 | |
|---|---|---|
| Note Amount | $ | 35,000.00 |
| Original Note Date | 3/2/1983 | |
| Date of Last Payment | 3/23/2020 Offset | |
| Principal Balance | $ | 47,904.83 |
| Unpaid Interest | $ | 50,003.02 |
| Misc. Charges | $ | - |
| Total Balance | $ | 97,907.85 |
| Daily Interest Accrual | $ | 6.5623 |
| Amount Delinquent | $ | 62,578.98 |
| Years Delinquent | 21 | |

- The information in the above Statement of Account in affiant's opinion is a true and correct statement of the aforementioned account and to this date remains due and unpaid.

- The defendant is neither a minor, nor incompetent, nor in the military service of the United States of America.

- The above information is true and correct to the best of my knowledge and belief, and is made under penalty of perjury as allowed by 28 U.S.C. 1746.

*Carlos J. Morales*

Digitally signed by CARLOS MORALES (Affiliate)
DN: c=US, o=U.S. Government, ou=Department of Agriculture,
0.9.2342.19200300.100.1.1=12001003816118,
cn=CARLOS MORALES (Affiliate)
Date: 2020.09.09 11:53:56 -04'00'
Adobe Acrobat version: 2020.012.20041

Carlos J. Morales Lugo
LRTF Contractor
September 9, 2020

Department of Defense Manpower Data Center

Results as of : Apr-06-2020 11:43:13 AM

SCRA 5.4

EXHIBIT 8



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:              XXX-XX-7874

Birth Date:

Last Name:       PACHECO QUINONES

First Name:      JOSE

Middle Name:     ANGEL

Status As Of:    Apr-06-2020

Certificate ID:  BYXLLKJHWBP24KS

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento, Director

Department of Defense - Manpower Data Center

400 Gigling Rd.

Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940).  DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate.  In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33.  If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you.  See 50 USC App. ? 521(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

Department of Defense Manpower Data Center

Results as of : Apr-06-2020 11:41:44 AM

SCRA 5.4

EXHIBIT 9

**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:            XXX-XX-7714

Birth Date:

Last Name:      SEPULVEDA CARABALLO

First Name:     CARMEN

Middle Name:    MARIA

Status As Of:   Apr-06-2020

Certificate ID: RNKH4DJSMC7B3JL

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America (Farm Service Agency) | ) ) ) ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )  Civil Action No. |
| | ) |
| | )  Foreclosure of Mortgage |
| | ) |
| José Ángel Pacheco Quiñones, Carmen María Sepúlveda CARABALLO and their Conjugal Partnership | ) ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

JOSÉ ÁNGEL PACHECO QUIÑONES

PR 135 Km 16.3, Yahuecas Ward, Adjuntas PR 00601

Urb. EL Cafetal K13 Calle Andrés M, Yauco PR 00698

     A lawsuit has been filed against you.

     Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Juan C. Fortuño Fas

PO Box 9300 San Juan, PR 00908

     If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date: _____        _____
                                             *Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

_____

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | | |
|---|---|---|
| United States of America (Farm Service Agency) | ) ) ) ) ) | |
| *Plaintiff(s)* | ) | |
| v. | ) ) | Civil Action No. |
| | ) | Foreclosure of Mortgage |
| José Ángel Pacheco Quiñones, Carmen María Sepúlveda CARABALLO and their Conjugal Partnership | ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

CARMEN MARÍA SEPÚLVEDA CARABALLO

PR 135 Km 16.3, Yahuecas Ward, Adjuntas PR 00601
Urb. El Cafetal K13 Calle Andrés M, Yauco PR 00698

8131 Champions Circle Apt. 205
Lakeland FL 33896

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Juan C. Fortuño Fas

PO Box 9300 San Juan, PR 00908

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

_____

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

|  |  |
|---|---|
| United States of America (Farm Service Agency) <br> _____ <br> *Plaintiff(s)* <br> v. <br> <br> José Ángel Pacheco Quiñones, Carmen María Sepúlveda CARABALLO and their Conjugal Partnership <br> _____ <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) Foreclosure of Mortgage <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Conjugal Partnership composed by José A. Pacheco Quiñones and Carmen M. Sepúlveda Caraballo

PR 135 Km 16.3, Yahuecas Ward, Adjuntas PR 00601
Urb. El Cafetal K13 Calle Andrés M, Yauco PR 00698

8131 Champions Circle Apt. 205
Lakeland FL 33896

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — or 90 days in a Social Security Action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Juan C. Fortuño Fas

PO Box 9300 San Juan, PR 00908

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*FRANCES RIOS DE MORAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
                                                                          *Signature of Clerk or Deputy Clerk*

DPR MODIFIED AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

_____

# UNITED STATES DISTRICT COURT

## DISTRICT OF PUERTO RICO

## CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

Attorney Name (Last, First, MI):   Fortuño, Juan Carlos

USDC-PR Bar Number:   211913

Email Address:   jcfortuno@fortuno-law.com

1. Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

   Plaintiff:   United States of America-Farm Service Agency

   Defendant:   José Pacheco Quiñones, Carmen Sepúlveda Caraballo and their conjugal partnership

2. Indicate the category to which this case belongs:

   ☒ Ordinary Civil Case

   ☐ Social Security

   ☐ Banking

   ☐ Injunction

3. Indicate the title and number of related cases (if any).

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed before this Court?

   ☐ Yes
   ☒ No

5. Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

   ☐ Yes
   ☒ No

6. Does this case question the constitutionality of a state statute?  (See, Fed.R.Civ. P. 24)

   ☐ Yes
   ☒ No

Date Submitted:

rev. Dec. 2009

| Print Form | Reset Form |

JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | JOSE ANGEL PACHECO QUIÑONES, CARMEN MARIA SEPULVEDA CARABALLO and their conjugal partnership |
| **(b)**  County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Caguas, Puerto Rico <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* <br> Juan Carlos Fortuño Fas <br> PO Box 9300 <br> San Juan, PR 00908, tel. 787-751-5290 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
        Plaintiff

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury <br> ☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - Product Liability <br> ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 690 Other <br><br> **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Management Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 835 Patent - Abbreviated New Drug Application <br> ☐ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC 3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit (15 USC 1681 or 1692) <br> ☐ 485 Telephone Consumer Protection Act <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation <br> ☒ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☐ 448 Education | **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act <br> ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision <br> ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Consolidated Farm and Development Act, 7 USC 1921, et seq., and 28 USC 1345

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   99,676.18

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  9/23/2020

SIGNATURE OF ATTORNEY OF RECORD  *Juan Carlos Fortuño Fas*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____